Lester *vs.* Howard et al.

*Order affirmed.*

( Decided March 14th, 1866.)

---

### JAMES M. LESTER *vs.* G. W. HOWARD AND OTHERS.

APPEALS : MOTION TO DISMISS : PRACTICE IN COURT OF APPEALS.—Where an agreement to abandon an appeal for a legal and valuable consideration, executed on the part of the appellees, is fully proved to the satisfaction of the appellate Court and not denied by the appellant under oath or attempted to be disproved, there is no alternative but to dismiss the appeal.

The appellate Court alone has power to decide when an appeal will lie in any particular case.

APPEAL from the Superior Court of Baltimore City.

Lester *vs*. Howard et al.

*Motion to dismiss an appeal.*—The facts material to the decision upon this motion are stated in the opinion of this Court.

The motion was argued before BOWIE, C. J., GOLDSBOROUGH, COCHRAN and WEISEL, J.

The arguments on both sides upon the appeal are omitted, the ruling of the Court upon the motion rendering them immaterial.

*Henry D. Loney and R. Stockett Matthews* for, and *Benj. C. Barroll* against the motion.

BOWIE, C. J., delivered the opinion of this Court.

An appeal was entered in this case by the defendant in proper person, on the 22nd September, 1863, and bond executed and approved.

The appellee moves to dismiss the appeal, and files an affidavit, in which he alleges, "That judgment was obtained therein in favor of the plaintiffs, as well as in another suit in which he was also a plaintiff with different parties, in the Court of Common Pleas of Baltimore City, at May term, 1863. That subsequently the said Lester appealed to the plaintiffs to release the lien of said judgments on certain property belonging to him, which he was endeavoring to sell, and in consideration of the granting of said release by the plaintiff, of the lien of the judgment, the said Lester agreed to pay the full amount of the judgment in the Court of Common Pleas, with costs, and to dismiss the appeal therein, and to pay the amount of interest accrued on the judgment in the Superior Court, and to abandon the appeal thereupon and to pay, within thirty or sixty days, at the farthest, the full amount of said judgment; that this agreement was made on the 4th of January, 1864; that *the liens aforesaid were released,* and *the orders of plaintiffs and their*

Lester *vs.* Howard et al.

attorneys, *Messrs. Matthews & Loney, were filed to that effect;* that the said Lester thereupon did pay the full amount of the judgment and costs in the Court of Common Pleas, and did also pay the interest accrued to that date upon the judgment in the Superior Court, but failed to pay the full amount of said judgment within the stipulated time, although repeatedly afterwards promising so to do, and has failed to abandon the appeal in this case in accordance with the stipulation for which he received a valuable consideration," etc.

In addition to the affidavit of the appellee, the affidavit of R. Stockett Matthews, an attorney of this Court, is filed, in which he deposes that he was counsel for the appellee in the above case of *Howard and others vs. Lester;* that he was present and privy to the arrangements made by George W. Howard, one of the appellees, with the defendant (the appellant) as set forth in the affidavit of said Howard, and that the matters and things set forth in said affidavit are true; and further says that repeatedly, after the release of the lien as described in the said affidavit, the said Lester promised to fulfill his full undertakings and agreement, and stated that the appeal in this case was taken for delay solely.

Short copies of the docket entries in the case of *George W. Howard et al. vs. James M. Lester,* in the Superior Court of Baltimore City, were also filed, "Showing that on the 4th January, 1864, property on Hamburg street, and also on Franklin street near Pine street, was released from plaintiff's claim by notice of the judgment in this case by order of plaintiffs and plaintiffs' attorneys filed;" also short copies of the docket entries, in the Court of Common Pleas, May term, 1863, in the case of *Daniel Shipley, Henry W. Roane, George W. Howard vs. James M. Lester,* 22nd September, 1863, viz. "Stayed by appeal 5th January, 1864. Satisfied order of attorney filed." Service of the notice to

dismiss is admitted by the appellant's counsel, but no other response made, than that the appellant denies the agreement, and this denial is not supported by affidavit.

The appellant's counsel insists that assuming such an agreement to be made, as is set forth in the affidavits, the appellees' remedy is by application to a Court of Equity, to enjoin the appellant from prosecuting the appeal, and is not a subject of cognizance for the appellate Court.

In *Ward et al. vs. Hollins et al.*, 14 *Md. Rep.*, 166, the whole Court conceded, that " if for a legal and valid consideration, the appellant agreed to withdraw his appeal and not thereafter to appeal, such an agreement would be enforced" by the Appellate Court's · dismissing the appeal ; but the majority of the Court thought that in the case before them there was no legal and valid consideration, one of the parties thereto having no legal power to bind the persons whom he undertook to represent. The Chief Justice thought the motion to dismiss the appeal ought to be sustained.

This Court alone has power to decide when an appeal will lie in any particular case. 6 *H. & J.*, 143. 1 *Md. Ch. Dec.*, 330. When the appeal has been taken, all agreements by the parties or their counsel are properly within its control. It being a question of jurisdiction, this Court could not recognize the power of other tribunals to determine whether it should be exercised or not, without surrendering its authority as a Court of final resort.

The agreement to abandon the appeal in this case, being for a legal and valuable consideration, executed on the part of the appellees, fully proved to the satisfaction of this Court, and not denied by the appellant under oath or attempted to be disproved, there is no alternative, but to dismiss the appeal.

*Appeal dismissed.*

(Decided March 14th, 1866.)