JOHN A. DUNN, Appellant, v. KATE C. MILLER ET AL., Respondents.

St. Louis Court of Appeals, June 2, 1885.

1. APPELLATE JURISDICTION—APPEALS—TRANSFER OF CASES TO SUPREME COURT—REAL PROPERTY—TITLE.—A case in which the final judgment will determine who is the holder of the rights transmitted from one of the primary sources, or from the common source, of title, "involves the title to real estate."

2. ———— A suit in equity to declare a certain deed null and void on the ground that it is a forgery, and to enjoin the enforcement of a judgment in ejectment, alleged to have been fraudulently obtained by reason of such deed, involves title to real estate within the meaning of the constitutional provision concerning appeals.

*Transferred to the supreme court.*

A. R. TAYLOR, for the appellant.

HITCHCOCK, MADILL & FINKELNBURG, for the respondents.

LEWIS, P. J., delivered the opinion of the court on motion to set aside order of transfer to supreme court.

Respondent, Kate C. Miller, files a motion to set aside

so much of the order entered on May 19, 1885, as directs the transfer of this cause to the supreme court under an act of the general assembly, approved March 4, 1885, for the reason, as alleged, that the cause is not one within the final appellate jurisdiction of the supreme court. The question thus revived was carefully considered before the making of the order. But counsel whose opinions are entitled to great weight so earnestly press upon us their conviction of the impropriety of our classification in this particular case, that we here present some of the reasons which, as we think, sustain it.

In determining the question whether this is a case "involving title to real estate," within the meaning of article VI., section 12, of the state constitution, it seems only necessary to discriminate between cases which clearly belong to that class, and controversies which relate merely to the conveyance of realty from one party to another. In a suit to enforce specific performance of a contract for the purchase or sale of land, the final adjudication settles nothing as to the positive title. That, so far as the whole controversy is concerned, may reside in a third party, or may have never emanated from the government. The only controversy is over a question of personal duty in the execution or acceptance of a deed from one party to the other. Such a case is therefore not one "involving title to real estate." It is like many others in which, although the final judgment may have a controlling influence on a transmission of the title, yet does not adjudicate the title itself.

Title in the sense of the constitutional provision, implies absolute ownership against all the world. In this state, it is derived from the primary proprietary through : "First, an entry of bounty land warrant location with the register or receiver of any land office of the United States, or with the commissioner of the general land office thereof ; or, second, an entry with the register and receiver of any land office in this state; or, third, a pre-emption right under the laws of the United States, or of this state; or, fourth, a New Madrid location * * * " (Rev. Stat., sect.

2241). If the final judgment in a case will determine who is the representative and holder of the rights transmissible from one of these primary sources, such a case is one "involving title to real estate." There is no exception to the rule in a case where the parties claim adversely to each other from a common grantor, and therefore go no further back towards the primary source of the title. In those cases, there is an agreed admission that the common grantor was the true successor of the original proprietary. And so, as between the parties litigant, the final judgment will determine in which one of them a continued succession has vested the primary ownership.

The struggle in the present litigation closes chiefly around the validity of a certain deed, and of a judgment which that deed was instrumental in procuring. But this no more indicates what the case involves, than the attack and defence of a particular fort may indicate the object of the war. The purpose of the suit as described in the brief of counsel for the respondent, is "to obtain a decree declaring null and void as a forgery a certain paper, purporting to be a deed from one Sarah Lucas to one Andrew P. Gillespie, in said petition mentioned; also, that such decree declare null and void a certain judgment in ejectment recovered by said George C. Miller against said John A. Dunn, on June 9, 1873, in the circuit court of St. Louis county, Missouri, on the ground that said judgment was obtained by means of said fraudulent deed; and that the defendants be enjoined from taking any action under said judgment or under a judgment rendered by the supreme court in a certain other ejectment suit concerning the same property, brought by said Dunn against said Miller's heirs; and for possession of the land involved in said suits, and for a perpetual injunction against defendants."

It appears, then, that the deed is attacked for the purpose of reversing the effect of a judgment in ejectment, which directly adjudicated the absolute title of the land, which distinctly determined to whom the rights of the original proprietary had descended. How can it be said

that a proceeding which may annul or maintain such a judgment does not "involve title to real estate?" Again, the plaintiff, if he succeeds, is to have "possession of the land involved in said suits." This is the form of relief sought in every action of ejectment. Why? Because the plaintiff proposes to show that he holds the true title, and is, therefore, entitled to the possession. The outcome of the suit, then, will determine no question of mere personal right to a conveyance, no question of a lien on real estate—no vacating of a sale, or canceling of a deed to the end of placing the parties in their rightful conditions, respectively, for a possible litigation of the title. The final judgment in this case, for whichever party it may be, will determine the question whether the plaintiff has or has not a rightful claim to possession of the land in controversy, "under or by virtue of * * *." (New Madrid certificate of location No. 164, which was issued to John Brooks, or his legal representatives). The *case*, therefore, in our opinion, involves title to real estate, and is properly transferable to the supreme court, under the act of March 4, 1885. All the judges concur.