J. L. ISAACS, Respondent, v. W. SKRAINKA, ET AL., Appellants.

St. Louis Court of Appeals, June 9. 1885.

1. APPELLATE JURISDICTION—APPEALS—EQUITY—SPECIFIC PERFORMANCE.—An action in equity by a vendor to enforce specific performance of a contract to purchase real estate, involves the title to real estate, and is within the exclusive appellate jurisdiction of the supreme court.

APPEAL from the St. Louis Circuit Court, THAYER, J.

*Transferred to the supreme court.*

DAVID GOLDSMITH, for the appellants.

W. C. MARSHALL and COLLINS & JAMISON, for the respondent.

THOMPSON, J., delivered the opinion of the court.

This is a suit in equity by a vendor to enforce specific performance of a contract to convey real estate.

The respondent raises the question whether we have jurisdiction of appeals, in actions of this nature. Under the constitutional amendment adopted at the last generalel ection, changing the jurisdiction of this court, appeals no longer lie to this court from the circuit court in cases which, under the constitutional provision defining the jurisdiction of this court (Const. art. VI, sect. 12), might formerly have been appealed from this court to the supreme court. Among the enumerated cases which might have been so appealed, were "cases involving title to real estate." The respondent now takes the position that this is a case involving title to real estate, and upon this ground he asks us to transfer the cause to the supreme court. The case of *Springer v. Kleinsorge* (11 Mo. App. 591), was an action of the same nature as the present action, and there, as here, the amount which the defendant had agreed to pay for the land, together with the interest, was less than $2500.00. Nevertheless, we granted an appeal from our judgment to the supreme court. We did not do this hastily and without consideration; but a motion was made for an appeal, a brief was filed in opposition thereto, in which the only reported decisions of the supreme court and of this court bearing upon the question, of which we have knowledge, *State ex rel. v. Court of Appeals* (67 Mo. 200), and *Skrainka v. Allen* (2 Mo. App. 400), were cited to us; we held the motion under advisement for two weeks, and then, after careful consideration, granted the appeal. The supreme court overruled a motion to dismiss the appeal, and, in an opinion rendered in December last, reversed the judgment of this court and affirmed that of the circuit court on the merits.

If this question were open and could be decided without reference to *Springer v. Kleinsorge,* I should now feel like saying, on principle and upon the authority of *The State ex rel. v. Court of Appeals* (67 Mo. 199), and on the persuasive authority of decisions cited to us from other states, that this does not involve title to real estate; and I am authorized by Judge Lewis to say that he inclines to the same opinion. But we regard it

as being so far concluded by the precedent of *Springer v. Kleinsorge* that we ought not to proceed in the case unless the supreme court shall instruct us to do so.

An order will, therefore, be entered transferring the case to the supreme court, under the act of March 18, 1885. Judge Lewis concurs; Judge Rombauer, having been of counsel in the court below, does not participate in this decision.