JOHN C, NEAREN *et al.*, Respondents, v. JUDITH I. BAKEWELL *et al.*, Appellants.

St. Louis Court of Appeals, April 15, 1890.

Appeals: JURISDICTION. An action to rescind the sale and conveyance of land from the defendants to the plaintiffs on the ground of fraud, and to cancel a deed of trust and notes given for the purchase money by the plaintiffs to the defendants, especially if it is instituted after breach of the conditions of such deed of trust, involves title to land ; and the supreme court alone has jurisdiction of an appeal in such cause.

*Appeal from the Jefferson Circuit Court.*—HON. JOHN L. THOMAS, Judge.

TRANSFERRED TO THE SUPREME COURT.

*Thomas & Horine,* for the appellants.

*Jos. J. Williams,* for the respondents.

ROMBAUER, P. J., delivered the opinion of the court.

This is an action to rescind a sale of eighty acres of land, to reinvest the defendants with the title thereto, and to compel them to give up for cancellation ten promissory notes, part of the purchase money, and a deed of trust to secure the same, given by the plaintiffs to the defendants. The ground on which the contract is sought to be rescinded is fraud in the sale.

The first question which we are bound to determine is our own jurisdiction of the appeal. That jurisdiction depends on the proposition as to whether the action is one involving title to real estate within the meaning of the term as used in the constitution. The supreme court has impliedly decided in *Springer v. Kleinsorge,* 83 Mo. 155, that an action to recover from a bidder

at auction the purchase price of the land, where the defense was fraudulent by-bidding, was an action involving the title to real estate. Although the amount in that case involved less than twenty-five hundred dollars, this court granted an appeal to the supreme court on the sole ground that it involved title to real estate, and the latter court retained jurisdiction. In *Isaacs v. Skrainka*, 18 Mo. App. 323, the action was for specific performance and the amount of the purchase money was less than twenty-five hundred dollars. This court transferred the case to the supreme court, holding that it involved title to real estate, and the supreme court retained and decided it. *Isaacs v. Skrainka*, 95 Mo. 517.

There can be no difference in principle between actions enforcing, and those avoiding, the sale of real estate, as far as they both bear upon the question of title to real estate. *Springer v. Kleinsorge, supra,* was of the latter class, and *Isaacs v. Skrainka, supra,* of the former. The supreme court necessarily decided in both that they involved title to real estate. We might also refer to *Baier v. Berberich*, 77 Mo. 413, where it was held that a suit seeking a divestiture of title out of A. into B. on the ground of trust was a case involving a title to real estate, and to *Dunn v. Miller*, 18 Mo. App. 136; s. c., 96 Mo. 324, where it was held that a suit, seeking to cancel a forged deed and to annul a judgment in ejectment based thereon, was likewise an action involving title to real estate.

The nature of the present action is twofold. It seeks to enjoin a sale, to compel the cancellation of certain notes, to divest the defendants' title under the deed of trust, and to avoid the plaintiffs' title under the defendants' deed to them. As it is admitted by the evidence that the action was brought after condition broken, the defendants under the decisions in this state held the legal title under the deed of trust, as distinguished from a mere lien. *Johnson v. Houston*, 47

Mo. 227. Hence, the action involves title to real estate in either aspect of the case, and the supreme court has exclusive jurisdiction of the appeal.

It is ordered that the record in this case, with a certified copy of this order of transfer, be at once sent to the supreme court. All the judges concur.