THE STATE OF MISSOURI, Appellant, v. JOHN DINNISSE, Respondent.

St. Louis Court of Appeals, April 29, 1890.

Jurisdiction: APPEALS. When, on the appeal of a cause, a constitutional question is fairly raised by the record, this court is, under the decision of the supreme court, precluded from exercising jurisdiction, unless the question is a mere sham; and whether the constitutional question raised is a sham or not, must be determined by the supreme court.

*Appeal from St. Louis Court of Criminal Correction.*
HON. R. A. CAMPBELL, Judge.

TRANSFERRED TO THE SUPREME COURT.

BIGGS, J.—The defendant was prosecuted in the St. Louis Court of Criminal Correction, for violating the provisions of an act of the legislature adopted in 1885. The title to the act reads as follows : " An act to protect the property of manufacturers, bottlers and dealers in mineral waters, soda water and other beverages from the loss of their syphons, bottles and boxes." Laws, 1885, p. 151.

The trial court quashed the information, and the state has appealed.

The defendant in his brief challenges the constitutionality of the law under which he was prosecuted.

The supreme court in the case of *State ex rel. Campbell v. The St. Louis Court of Appeals*, 97 Mo. 276, decided that this court could not inquire into the merits of constitutional questions. Previous to this decision, we had uniformly ruled that a constitutional question, in order to deprive us of jurisdiction, must be at least fairly debatable. The supreme court, in the case cited, refused to concur in this view, and held that, when a constitutional question was fairly raised by the record, this court would be precluded from exercising jurisdiction, unless it appeared that the question was a mere "sham." We also gather from the opinion in that case, that whether the constitutional question is a sham or not, must be determined by the supreme court, and not by this court.

This case will, therefore, be transferred to the supreme court. It is so ordered. All the judges concur.