H. H. KARL, Defendant in Error, v. WILLIAM GABEL, Plaintiff in Error.

Kansas City Court of Appeals, March 7, 1892.

Appellate Jurisdiction: TITLE TO REAL ESTATE: SETTING ASIDE WILL. Where a final judgment, as in an action to set aside a will, will determine to which of the parties the title to the real estate of the testator has been transmitted, the action involves title to real estate, and the appeal lies to the supreme court.

*Error to the Jackson Circuit Court.*—HON. JAMES GIBSON, Judge.

TRANSFERRED TO THE SUPREME COURT.

GILL, J.—An old lady by the name of Pauline Williams died at Kansas City, the owner of certain real estate and personal property. The plaintiff was her granddaughter and only descendant and heir-at-law. A few days before her death Mrs. Williams made a will by which she devised half of the real estate to defendant Gabel, and half thereof to the plaintiff, while all the personal property was bequeathed to the defendant Gabel. After the formal probate of the will, the plaintiff brought this suit to set aside the will. On a trial in the circuit court the plaintiff succeeded, and the defendant brought the cause here by writ of error

This is a case involving title to real estate, and, therefore, under the provisions of the constitution, this court has no jurisdiction. These litigants respectively lay claim to certain real estate, adversely to each other. If the paper in controversy is the last will of Mrs. Williams, then the defendant has title to certain real estate formerly owned by her. But, if the writing should be set aside and held to be no will, then the title to such real estate is lodged with the plaintiff. A final judgment in this case, therefore, will determine to which of these parties the title of the common source has been transmitted. Title to real estate is then involved in the suit. *Dunn v. Miller*, 18 Mo. App. 136; s. c., 96 Mo. 324; *Baier v. Berberich*, 77 Mo. 413.

The cause should, therefore, be transferred to the supreme court, and it is so ordered. All concur.