SEMON BACHE *et al.*, Appellants, v. BENJAMIN F. HAMMETT *et al.*, Respondents.

### St. Louis Court of Appeals, March 26, 1895.

Jurisdiction, Appellate: AMOUNT INVOLVED. A cause will be transferred to the supreme court, when it is not clear from the record that it is within the pecuniary limit of the jurisdiction of this court.

*Appeal from the St. Louis City Circuit Court.*—HON. JACOB KLEIN, Judge.

TRANSFERRED TO THE SUPREME COURT.

*David Goldsmith* for appellants.

*Christian & Wind* for respondents.

BOND, J.—This is a creditors' bill against a defendant corporation and its grantees, averring a fraudulent conveyance of the assets of said corporation to its codefendants, and asking the appointment of a receiver and the annulment of said conveyances and the subjection of the assets, attempted to be transferred, to the satisfaction of plaintiffs' claim and those of other creditors. It is averred that the claim of plaintiffs is more than $1,000, and that of all the creditors is not less than $18,000. The assets sought to be reached are: *First*, a leasehold of real estate and certain fixtures and machinery, of the value of $7,000; *second*, certain choses in action conveyed to D. R. Francis, of the value of $1,500; and, *third*, a general assignment to F. A. Wind of assets worth $1,400. Defendants answered, asserting the validity of the transaction sought to be impeached, and a decree was rendered in their favor, from which this appeal was taken.

It appeared on the trial that $3,800 had been realized on a sale of the mortgaged leasehold, and $1,200 on the accounts transferred to D. R. Francis. Omitting other assets, these sums aggregate $5,000. It is not clear from an examination of this record whether this cause is within the pecuniary limit of the jurisdiction of this court. It will, therefore, be transferred for determination to the supreme court, with a copy of this order, in pursuance of Revised Statutes of 1889, section 3300. It is so ordered. All concur.