THE STATE *ex rel.* HARTLEY v. ROMBAUER *et al., Judges.*

Division One, November 7, 1895.

**Supreme Court:** APPELLATE JURISDICTION: AMOUNTS IN DISPUTE.
On the face of the petition the sum claimed was in excess of $2,500.
Defendant's answer merely denied any indebtedness and the amount
in dispute was not reduced by anything else contained in the record.
The judgment was for defendant and plaintiff appealed. *Held,* that
the amount in dispute exceeds the sum of $2,500 and the supreme
court has jurisdiction of the appeal.

*Mandamus.*

PEREMPTORY WRIT AWARDED.

*George Robertson* for relator.

*W. W. Fry* for respondents.

MACFARLANE, J.—This is a proceeding by *manda-mus,* the object of which is to have respondents, who are the judges of the St. Louis court of appeals, transfer to this court the cause of Benjamin Hartley, appellant, against L. C. Hartley, respondent.

The writ charges in substance that, on the fourth day of November, 1892, Benjamin Hartley commenced his suit in the circuit court of Audrain county against relator L. C. Hartley to recover a sum of money which was stated to be in excess of $2,500; that defendant by answer denied any indebtedness whatever; that on the trial of the issues plaintiff gave evidence tending to prove that defendant was indebted to him in a sum exceeding $2,500; that judgment was rendered in favor of defendant, and plaintiff appealed and caused a transcript of the record and proceedings to be filed in the

office of the clerk of the St. Louis court of appeals, which court assumed to take jurisdiction of the case, heard the appeal, reversed the judgment, and directed the circuit court to enter a judgment for plaintiff for $750; that relator afterward filed a motion in said court of appeals asking that the cause be transferred to the supreme court, claiming that the amount in dispute was such that it alone had jurisdiction of the appeal, and that the motion was denied. The writ commanded the respondents as judges of said court to show cause why said case should not be transferred.

Respondents, after a general return to the effect that the amount in dispute between the parties is within the exclusive appellate jurisdiction of said court of appeals, make this specific return:

"That the case of Benjamin Hartley *v*. L. C. Hartley, is a case in equity, wherein the evidence is subject to full review on appeal. The defendant on said appeal claimed that under the evidence he was accountable for nothing. The St. Louis court of appeals upon a full examination of the evidence determined that defendant was accountable thereunder to the plaintiff for the sum of $750 and no more, hence said appeal involved the sum of $750 only."

It appears from the record in said cause that the case was in equity to charge defendant as trustee for money and other property entrusted to him. An itemized account is set out in the petition and the amount therein claimed is $3,784. The prayer asked that a referee be appointed with direction to take an account and that plaintiff have judgment "for such sum as may be just." The answer denied any indebtedness whatever.

The evidence shows that plaintiff was a man eighty years of age. Defendant was his son. Plaintiff testi-

fied that he moved from a farm to Mexico in 1886 after which defendant lived with him. His evidence concerning the financial transactions between himself and son was not at all definite. He did testify, however, that when he came to Mexico he had not less than $3,000, which went into the hands of defendant and had not been accounted for. The evidence offered by defendant tended to prove that but small sums ever came into his hands belonging to plaintiff and that he had fully accounted to him. The judgment was for defendant and the appeal was taken by plaintiff.

The supreme court has exclusive jurisdiction of all appeals wherein "the amount in dispute" exceeds the sum of $2,500. The jurisdiction is determined by the real amount in dispute and not necessarily the amount that appears from the pleadings to be in dispute. Much of the matter put in issue by the pleadings may be eliminated before the appeal is taken. The appeal is heard upon the whole record and the appellate court can look to that in order to determine its jurisdiction. Thus, it is said: "Where the damages for which plaintiff asks compensation are definitely ascertainable from instruments or accounts and plaintiff's evidence tends to show the exact extent thereof, the court may gather from the whole record more light on the 'amount in dispute' than the prayer for judgment affords. When, from such sources of information, we are advised of the real amount, the prayer of the petition will not be considered as determining it." *Anchor Milling Co. v. Walsh*, 97 Mo. 288. See, also, *Wolf v. Matthews*, 98 Mo. 246; *Kerr v. Simmons*, 82 Mo. 274; *Reichenbach v. Benefit Ass'n*, 112 Mo. 24.

It is not to be understood from what has been said, that because, in equity cases, an appellate court has the right, in the exercise of its appellate jurisdiction, to review the entire evidence and make a finding of its

own, that it can also measure its own jurisdiction by the amount which, upon a review of the evidence, it may believe to be due. Such a course would make the jurisdiction depend, not upon the amount in dispute, but upon what in the opinion of the court the judgment should have been.

A proposal for a constitutional amendment to that effect, is now pending to make the decision of the court of appeals (where it does not itself transfer a cause to the supreme court) "conclusive as to its own jurisdiction in the particular case" (Laws, 1895, p. 287); but it has not yet been adopted by the people of the state.

An appellate court has the right to examine the record in order to ascertain if it have jurisdiction, but it has no right to review the evidence unless it have jurisdiction.

In this proceeding we have to deal entirely with the question of jurisdiction. With the weight of the evidence or the credibility of witnesses we have nothing to do. Those are matters to be dealt with by the court which is found to have jurisdiction of the appeal.

Referring to the record we find that the petition charges an indebtedness of $3,780 due from defendant. This is stated to consist of money and notes plaintiff had placed in defendant's hands and for which he agreed to account when requested. The suit is in equity and a general prayer is made for judgment for such sum as may be found justly due on a proper accounting. There is no prayer for any specific amount. On the face of the petition it appears that the amount claimed exceeds $2,500. A general prayer of the kind is admissible in equity pleading in case an accounting is demanded. The amount in dispute, as is shown by the petition is the amount claimed to be due.

The judgment was for the defendant and the same

amount is in dispute on appeal unless reduced by matters appearing on other parts of the record. The answer merely denies any indebtedness and the amount in dispute is not reduced by it or any subsequent pleading or the judgment. The record shows no admission on the part of plaintiff that an amount less than $2,500 was due him. On the contrary he testified most positively that not less than $3,000 of his money and notes went into defendant's hands and for which he has refused to account. Plaintiff offered no evidence from which the amount in dispute was definitely ascertained to be less than $2,500. We are of the opinion that the amount in dispute exceeds $2,500 and jurisdiction of appeal is with this court. Peremptory writ awarded. All concur.