W. R. BINGAMAN et al., Appellants, v. J. M. HANNAH et al., Respondents.

Springfield Court of Appeals, May 5, 1913.

1. JURISDICTION: Courts of Appeal: Should Settle Questions Concerning. It is the duty of the appellate court to settle questions concerning its jurisdiction of an appeal, although such jurisdiction has not been directly questioned by the parties to the suit.

2. **COURTS OF APPEAL: Jurisdiction: Determined by Examination of Entire Record.** In order to determine its jurisdiction of an appeal, an appellate court will examine not only the pleadings and judgment but the entire record, and if there is any doubt as to its jurisdiction in the matter, will transfer the case to the Supreme Court.

3. **WILLS: Contest Concerning: Title to Real Estate Involved: Jurisdiction in Supreme Court.** In a suit concerning a will, neither the pleadings nor judgment contained any intimation that real estate was involved in the cause appealed. The bill of exceptions contained evidence indicating that certain real estate was owned by the testator at the time of his death, which was disposed of by the will. *Held*, that the appeal involved title to real estate within the meaning of Art. 6, Sec. 12 of the Constitution and the cause should be transferred to the Supreme Court under Sec. 3938, R. S. 1909

Appeal from Wright County Circuit Court.—*Hon. C. H. Skinker*, Judge.

Transferred to the Supreme Court.

*J. N. Burroughs* for appellants.

(1) Where there is no evidence tending to show that the testatrix had any knowledge of the contents of the will as drawn, and where it does not dispose of her property as she had desired and had directed it will be held that it was not the will of the testatrix. Bradford v. Blossom, 207 Mo. 177. (2) The burden is on the proponents to prove the due execution of the will and that the testator had mental capacity to know and understand what he was doing. That burden they must assume even though contestants introduced no evidence. Cowan v. Shaver, 197 Mo. 203. (3) The provision of the statute which requires that every will shall be signed by the testator or by some person by his direction is mandatory; and if it is not complied with the will is void. Hospital Association v. Williams, 19 Mo. 609; Simpson v. Simpson, 27 Mo. 288; Elliott v. Welby, 13 Mo. App. 19; Catlett v. Catlett, 55 Mo. 330; Walton v. Kendrick, 122 Mo. 504. (4) Upon the

issue of *devisavit vel non,* the court should take the proof and establish or reject the will.   McMahon v. McMahon, 100 Mo. 99; Benoist v. Murrin, 48 Mo. 48; Jackson v. Hardin, 83 Mo. 184; Hughes v. Burriss, 85 Mo. 665; Bradford v. Blossom, 207 Mo. 228.   (5)   The motion of plaintiffs to strike out the amended answer of defendants was well taken and should have been sustained.   The amended answer was directly and absolutely contradictory of the original answer.   It was a stultification of defendants and is not permitted under the law.   An admission contained in a pleading is conclusive on the pleader.   Kessner v. Phillips, 189 Mo. 515-528.   (6)   Where the answer contains a general denial, there can be no implied admission of any fact stated in the petition.   State to use v. Samuels, 28 Mo. App. 649.

*Green, Wayland & Green* for respondents.

(1)   The influence of a wife or a child upon a testator will not avoid the will, if the influence is exercised or exerted in a reasonable manner without fraud or deception.   Crowson v. Crowson, 172 Mo. 691; Thompson v. Ish, 99 Mo. 160; Maddox v. Maddox, 114 Mo. 35; Bonsal v. Randall, 192 Mo. 525.   (2)   Testimony of the declarations of the testator was proper, for the reason that it showed a fixed and definite purpose of long standing on part of the testator to give his wife the property in controversy.   Jones v. Thomas, 218 Mo. 508.   (3)   Amendments are favored and should be liberally allowed in favor of justice.   House v. Duncan, 50 Mo. 453; Carry v. Moss, 87 Mo. 447.   (4) The discretion of the trial court will not be interfered with on appeal unless it is manifest that it has been abused.   Carr v. Moss, supra.   (5)   If the wife (or husband), is a party to the suit and has a real interest in the subject which would be affected by the judgment, then she (or he) is a competent witness.   Layson v.

Cooper, 174 Mo. 223; Dunifer v. Jecko, 87 Mo. 285; Stefen v. Bauer, 70 Mo. 399; Wood v. Bradley, 76 Mo. 33; Bell et al. v. Railroad, 86 Mo. 73; O'Brien v. Allen, 95 Mo. 73; Sec.' 6345, R. S. 1909. (6) Perfect soundness of mind is not essential to testamentary capacity. A testator may be afflicted. with any of a variety of mental weaknesses, disorders or peculiarities and still be capable in law of executing a valid will. Sehr v. Lendemann, 153 Mo. 276; Hamon v. Hamon, 180 Mo. 685. (7) The rule in this State is, that one who is capable of comprehending all of his property and all persons who reasonably come within the range of his bounty, and who has sufficient intelligence to understand his ordinary business, and to know what disposition he is making of his property, has sufficient capacity to make a will. Holton v. Cochran, 208 Mo. 314; Riggin v. College, 160 Mo. 570; Weston v. Hanson, 212 Mo. 248; Hughes v. Rader, 183 Mo. 63. (8) The credibility of witnesses and the weight to be given to the evidence is for the determination of the trial court and jury, and that determination is conclusive on appeal. Gregory v. Chambers, 78 Mo. App. 294; Lalor v. McDonald's Admr., 44 Mo. App. 439; Polhans v. Railroad, 45 Mo. App. 153; Hurst v. Scammon, 63 Mo. App. 634; Saetelle v. Insurance Co., 87 Mo. App. 509; Love v. Insurance Co., 92 Mo. App. 192; Golden v. Tyler, 180 Mo. 196; State v. Murphy, 46 Mo. 347; Gibson v. Railroad, 8 Mo. App. 488; Walker v. Owens, 25 Mo. App. 587; Herriman v. Railroad, 27 Mo. App. .435; Tower v. Pouley, 76 Mo. App. 287.

FARRINGTON, J.—This is an appeal of a will contest. At the threshold of the case is presented the question of our jurisdiction under Sec. 12 of Art. 6, of the Constitution which vests appellate jurisdiction in the Supreme Court in cases involving the. title to real estate. While the point has been merely suggested by counsel and not insisted on, it is one of our duties

to settle questions concerning our own jurisdiction in order that our time may not be consumed in doing things that would carry no legal force. [Springfield S. W. Ry. Co. v. Schweitzer, 246 Mo. 122, 151 S. W. 128, 130; Ferguson v. Comfort, 159 Mo. App. 30, 139 S. W. 218.]

There is nothing in the pleadings in this case to indicate that real estate is in any way involved. The judgment follows the customary form, containing no intimation that real estate is involved, and merely sustaining the will. Looking to the bill of exceptions, we find the will, and there are contained in it seven items in the following form, except that a different person is named in each item: "I give, devise and bequeath unto my brother, William Bingaman, the sum of one and no/100—$1.00—dollars." The tenth item in the will is as follows: "I give, devise and bequeath unto my wife, Belle Bingaman, all the property I may have at the time of my death after paying the above-named bequests." In the seven items preceding, the word "devise" was used, although each item obviously covered a mere bequest, and in the tenth item the same form was used, so that the will itself is devoid of anything indicating that the testator left real estate. The evidence must be read in order to ascertain that at the time of his death the testator owned sixty acres of land, which, of course, was disposed of by the will.

Upon such a record, where is the appellate jurisdiction of a contest of the will?

A glance at the cases of Karl v. Gabel, 48 Mo. App. 517, and Moore v. McNulty, 76 Mo. App. 379, would seem to settle the question against our jurisdiction. The Moore case was subsequently decided by the Supreme Court (164 Mo. 111, 64 S. W. 159), but we find no decision of that court in the Karl case. The Supreme Court transferred to the St. Louis Court of Appeals a case entitled Ortt v. Leonhardt and must have looked to the evidence in the case to determine its

jurisdiction from what is said in the report of the case when first decided by the St. Louis court in 68 S. W. 577, 578, which opinion did not get into the official reports, and another opinion was written a year later (102 Mo. App. 38, 74 S. W. 423).

But this court decided the case of Berst v. Moxom, 157 Mo. App. 342, 138 S. W. 74, and the opinion recites that the petition alleged that deceased owned a large farm. The case again came up on appeal and is reported in 163 Mo. App. 123, 145 S. W. 857, but the question of the jurisdiction of this court was not raised on either appeal. In Schaff v. Peters, 111 Mo. App. 447, 451, 90 S. W. 1037, the will, which is copied in the opinion, shows that real estate was involved. The same is true of Metz v. Wright, 116 Mo. App. l. c. 640, 92 S. W. 1125, Pratt v. Railroad, 130 Mo. App. l. c. 178, 108 S. W. 1099, and numerous other cases which have been finally determined in the Courts of Appeals.

In Barber Asphalt Paving Co. v. Hezel, 138 Mo. l. c. 230, 39 S. W. 781, the Supreme Court said: " . . . before this court can assert its exclusive appellate jurisdiction in such cases the title to real estate must be involved in the suit itself, and be a matter about which there is a contest. It is not enough that the judgment when carried into execution will affect the title to the land." Other cases: "The judgment to be rendered must directly affect the title itself to the real estate." [Price v. Blankenship, 144 Mo. l. c. 209, 45 S. W. 1123.] "These decisions do not hold, however, that to give this court jurisdiction in such case the title to the land must be settled by the judgment, but that it must be directly affected. A suit in equity, for example, wherein the validity of a mortgage or other deed affecting title to real estate is in question, is within the provision of the Constitution." [Edwards v. Railway, 148 Mo. l. c. 515, 516, 50 S. W. 89.] "Title to real estate is not involved within the

meaning of the Constitution that defines the jurisdiction of this court unless the judgment itself affects the title.'' [Jones v. Hogan, 211 Mo. l. c. 47, 109 S. W. 641.] ''. . . the judgment itself must directly affect the title, and the distinction has been drawn between judgments that directly affect the title and judgments that may result in title being affected.'' [Loewenstein v. Insurance Co., 227 Mo. l. c. 128, 127 S. W. 72.]

The St. Louis Court of Appeals in an early case used this language: ''In determining the question whether this is a case 'involving title to real estate,' within the meaning of article 6, section 12, of the State Constitution, it seems only necessary to discriminate between cases which clearly belong to that class, and controversies which relate merely to the conveyance of realty from one party to another. In a suit to enforce specific performance of a contract for the purchase or sale of land, the final adjudication settles nothing as to the positive title. That, so far as the whole controversy is concerned, may reside in a third party, or may have never emanated from the government. The only controversy is over a question of personal duty in the execution or acceptance of a deed from one party to another. Such a case is therefore not one 'involving title to real estate.' It is like many others in which, although the final judgment may have a controlling influence on a transmission of the title, yet does not adjudicate the title itself.'' [Dunn v. Miller, 18 Mo. App. 136.] The last sentence quoted would seem to apply to the case before us.

In Brannock v. Magoon, 216 Mo. l. c. 727, 116 S. W. 500, the Supreme Court said: ''We must look to the judgment in the case to determine our jurisdiction. If the judgment is such as to involve the title of real estate, then we should assume jurisdiction, but if not, we should not assume jurisdiction.'' And in Springfield S. W. Ry. Co. v. Schweitzer, 246 Mo. 122, 151 S. W. 128, 130: ''To confer jurisdiction, in a con-

stitutional sense, the *judgment* appealed from must involve title to real estate, and such title must be directly affected thereby." Are we to understand that we are to look to the judgment alone in determining our jurisdiction? If so, the jurisdiction of this appeal is with us.

Now we find the following language in State ex rel. Hartley v. Rombauer, 130 Mo. l. c. 290, 32 S. W. 660: "The appeal is heard upon the whole record and the appellate court can look to that in order to determine its jurisdiction." See, also, Wilson v. Russler, 162 Mo. l. c. 567, 63 S. W. 370, to the same effect.

The Supreme Court in Kennedy v. Duncan, 224 Mo. l. c. 666, 123 S. W. 856, used this language: " . . . this court cannot entertain the cause on the idea that title to real estate is involved unless it so appears on the face of the judgment. The converse of the proposition is also true; if the judgment on its face should purport to dispose of the title to real estate although the pleadings did not call for it, the appeal would have to come here for review, because the judgment on its face would affect the title and this court only could reverse it on the ground that it was beyond the issues presented by the pleadings."

In Turner v. Morris, 222 Mo. l. c. 23, 121 S. W. 9, it is said: " . . . before an appeal can be entertained by this court on the ground that title to real property is involved . . . the record must show that the title to the real estate mentioned in the pleadings will be directly affected by the judgment or decree to be rendered in the cause."

And in State v. Brisco, 237 Mo. l. c. 157, 135 S. W. 58, 140 S. W. 885: "The Constitution fixes the appellate jurisdiction of this court, and in a given case the record alone must determine whether jurisdiction on appeal is in this court or the Court of Appeals."

That is, the Supreme Court will not look to something which is not properly a part of the record.

Unless it is held that in determining the question of appellate jurisdiction, the court may look beyond the pleadings and judgment and to the testimony of the witnesses which appears in the bill of exceptions, the appeal in this case has been properly lodged in this court, although our decision would operate to sustain the title of Belle Bingaman to sixty acres of land or to strike it down and thus vest title thereto in the heirs of the testator. As to Belle Bingaman and those who claim under her, the will of the testator is a muniment of title to real estate, and it is our opinion that the final adjudication of the will contest should be by the Supreme Court. It would seem that the safe rule for the Courts of Appeals to adhere to is one which permits them to examine the *entire record* in order to determine their jurisdiction, and if there is doubt, transfer the case to the Supreme Court. [Null v. Howell, 40 Mo. App. 329; Musicke v. Railroad, 43 Mo. App. 326; State v. Dinnisse, 41 Mo. App. 22; In re Opening Essex Avenue, 44 Mo. App. 288; Bache v. Hammett, 61 Mo. App. 457.]

Under the statute (Sec. 3938, R. S. 1909) this cause is ordered transferred to the Supreme Court. All concur.