[No. 12097.  Department Two.  June 20, 1914.]

THE STATE OF WASHINGTON, *on the Relation of Charles Merrill, Plaintiff*, v. THE SUPERIOR COURT FOR KING COUNTY, *Respondent.*[1]

APPEAL—JURISDICTION—RIGHT TO DETERMINE—PROHIBITION.  Prohibition lies to prevent issuance of an execution upon a judgment pending appeal, about to be issued on the ground that notice of appeal was not given in time; since the supreme court alone has jurisdiction to determine the sufficiency of the appeal, under Rem. & Bal. Code, §§ 1731 and 1733, providing that, upon the taking of an appeal, the supreme court shall acquire jurisdiction for all necessary purposes and shall control the superior courts in all matters pertaining to the appeal, and may dismiss an appeal for want of jurisdiction or insufficiency of the notice or proceedings.

Application filed in the supreme court May 29, 1914, for a writ of prohibition to the superior court for King county, Frater, J., to prevent proceedings on execution, pending an appeal.  Writ granted.

*P. Tworoger* and *Mark M. Litchman*, for plaintiff.

*John F. Murphy* and *H. B. Butler*, for respondent.

FULLERTON, J.—This is an original application for a writ of prohibition.  The application is based on the following facts:  On October 14, 1913, an information was filed in the superior court of King county, charging the petitioner, Charles Merrill, with the offense of unlawfully conducting a building and loan association.  On January 20, 1914, the petitioner was put upon trial for the alleged offense before one of the judges of the superior court named, sitting without a jury.  At the conclusion of the trial, the court found the petitioner guilty, and forthwith pronounced judgment upon him, sentencing him to pay a fine of two hundred dollars. Two days thereafter, namely, on January 22, 1914, the petitioner moved for a new trial and in arrest of judgment,

[1]Reported in 141 Pac. 317.

which motions were overruled by the court on February 17, 1914. On March 17, 1914, the petitioner filed a bond on appeal in the sum of $1,000, and on April 21, 1914, served and filed a notice of appeal from the judgment and from the orders denying his motions for a new trial and in arrest of judgment. Thereafter, and on May 13, 1914, the prosecuting attorney of King county, acting on behalf of the state, moved in the superior court for an execution against the petitioner, based on the ground that the attempted appeal was ineffectual because notice thereof was not given and served within the time limited by the statute. The court granted the motion, and this writ is sought to prohibit the court from carrying the order into effect.

We think the writ should issue. This court, alone, has power to determine the regularity and sufficiency of an appeal in any given case. Whether or not the appeal is properly taken, being a question of jurisdiction, the court could not recognize the power of another tribunal to determine it, without surrendering its authority as a court of final resort. *Lester v. Howard*, 24 Md. 233; *Moore v. Randolph*, 52 Ala. 530; *Missouri K. & T. R. Co. v. Smith*, 154 Mo. 300, 55 S. W. 470; *State v. Dinnisse*, 41 Mo. App. 22; *Younger v. Pagles*, 60 Cal. 517.

Such, also, is the rule of the statute. By § 1731 of Rem. & Bal. Code (P. C. 81 § 1215), it is provided that, upon the taking of an appeal by notice and the filing of a bond to render the appeal effectual, the supreme court shall acquire jurisdiction of the appeal for all necessary purposes, and shall have control of the superior courts and all inferior officers in all matters pertaining to the appeal, and may enforce such control by mandate or otherwise. By § 1733 (P. C. 81 § 1219), it is provided that a respondent may move in this court to dismiss an appeal either on the ground that the court has no jurisdiction of an appeal from the judgment or order from which the appeal is taken, or that the notice of appeal from the judgment or order was not

served or filed within the time limited by law or is insufficient in substance or form, or that the appeal bond was not filed within the time limited by law, or that the appeal is irregular or insufficient in other respects. Plainly these provisions of the statute vest in this court jurisdiction to determine all questions concerning the regularity of the appeal after notice given and bond filed, and relegates the respondent to this court for the purpose of raising such questions.

Let the writ issue.

CROW, C. J., MORRIS, and MOUNT, JJ., concur.