JOSEPH F. MEMMEL, APPELLANT, v. J. L. THOMAS AND ARLINE THOMAS, RESPONDENTS.—181 S. W. (2d) 168.

Kansas City Court of Appeals.   June 5, 1944.

404

*W. H. Martin* and *Embry & Embry* for plaintiff.

*J. B. Gallagher* and *Roy D. Williams* for respondents.

SPERRY, C.—This is a suit on a note. At the conclusion of plaintiff's evidence the court indicated that he would sustain a demurrer.

Plaintiff took an involuntary nonsuit with leave to file motion to set aside. His motion was overruled and plaintiff has appealed.

The petition alleges as follows:

"The plaintiff states that the defendants, by their promissory note herewith filed marked Exhibit "A" dated February 15, 1924, promised to pay to the order of J. L. Meistrell the sum of One Thousand Dollars ($1,000), five years after date, with interest from date at the rate of six per cent per annum, payable annually, until maturity, and at the rate of eight per cent per annum after the same becomes due. That the maturity of said note was extended to February 15, 1932, and that the defendants, have paid interest on said note to the 15th day of February, 1932.

"That the plaintiff is the owner and legal holder of said note; that the principal of said note, with interest thereon from February 15, 1932, at the rate of eight per cent compounded, is now due and unpaid."

Defendants, by their answer, denied that plaintiff, either personally or in his representative capacity, is the owner of said note; and alleged that the note had been compromised, settled, paid and discharged.

Plaintiff, by reply, denied that said note had been compromised and settled.

Plaintiff's evidence was to the effect that the note in question was found in the lock box of A. H. Sauter, after his death; that Sauter died May 21, 1931; that in said box was a written instrument signed by W. W. Kingsbury for himself and for J. L. Meistrell purporting to assign and transfer said note to A. H. Sauter; that Meistrell and Kingsbury were partners in financial transactions; that plaintiff and a Mr. Fischer became and were the administrators of the estate of Sauter, deceased; that thereafter, upon request of the heirs of Sauter, the probate court made an order directing said administrators to turn over certain assets of said estate which had not been liquidated or distributed (including the note in question) to plaintiff, and it is admitted here that plaintff came into possession of the note by force of said probate court order.

The note was introduced in evidence and shows that same was signed by defendant, dated February 15, 1924, payable to J. L. Meistrell, and that interest was paid thereon to February 15, 1932, the last interest payment having been made by Meistrell and noted thereon by him. No other payments are shown thereon.

The probate court order above mentioned is founded on Section 240, Revised Statutes Missouri 1939, which is as follows:

"Property not sold or partitioned in kind—how disposed of. If such property cannot be divided in kind with advantage to the distributees, and it would not be to their advantage that the same be sold by the executor or administrator, then upon the application of a majority of those entitled to distribution, the court shall order the

same to be delivered to such person as they shall designate, in which selection minors shall act by their guardian, who shall proceed to collect, by suit or otherwise, all notes, accounts and choses in action so received in the name of the distributees, and dispose of all property so coming into his possession or under his control to their best interests, collecting the proceeds thereof, and distribute all moneys realized to the parties entitled thereto. Such person may, in the discretion of the court, be required to give bond to the state of Missouri, with good securities, in such sum as the court may deem proper, for the faithful discharge of his duty, and for payment of parties entitled thereto of all moneys collected. Said party may be discharged from said *trust* upon his application, or upon the application of a majority of said heirs, when it appears to the probate court that it will not be for the interest of distributees that said *trust* be continued." (Emphasis ours.)

It is plaintiff's contention that the legal effect of the above-mentioned probate order, and of plaintiff's possession of the note pursuant thereto, is to create a trust of which the note forms a part, and of which plaintiff is the trustee.

"To get at the true meaning of language employed in a statute the court must look at the whole purpose of the act, the law as it was before the enactment and the change in the law intended to be made." [Pembroke v. Houston, 79 S. W. 470, 180 Mo. 627, l. c. 636; Young v. Hudson, 12 S. W. 632.] We should also consider the results of the construction suggested, it being presumed that the Legislature intended a reasonable construction which will permit of beneficial results. [Darlington v. Missouri Pacific, 216 Mo. 658, l. c. 672.]

Prior to the enactment of this section administration of an estate could only be closed out after all assets were liquidated, or distributed in kind. No doubt it was to correct this condition that the section was enacted. [Rutledge v. Simpson's Adm'r., 42 S. W. 820, l. c. 821.]

The language of the statute indicates that the Legislature had in mind the creation of a trust. The word "trust" is twice used therein. Indeed, the assets mentioned therein are specifically referred to as a trust. The Legislature intended that a trust of such assets be created in the manner prescribed; and having provided for the appointment of a person to administer same, it follows that plaintiff herein became and is the trustee of the trust created by act of the probate court under and by virtue of this section. We think the above is the effect of the statute and of the order of the probate court thereunder. There is no language contained in said section that in any way conflicts with such a construction.

In a case where the unliquidated and undistributed assets of an estate, remaining at the time of final settlement, were ordered by probate court to be turned over to another by the administrator under the provisions of a section of the statute wherein the language used is

almost identical with that used in the section above cited, both the probate and the Supreme Court referred to the assets as a trust, and to the party to whom they were ordered to be delivered as the trustee. [Laws of Missouri, 1885, page 27; Rutledge v. Simpson's Adm's., *supra.*]

It is the view of defendant, and the trial court appears to have concurred therein, that plaintiff was not a trustee but was merely an agent of the heirs; and that he could not sue in his own name but must sue in the name of the various principals. Such a construction of the statute is not justified in view of the language used therein; nor would such a construction permit its reasonable and beneficial application in practice.

Plaintiff, as trustee, is the legal owner of said note; and he has same in his custody. It was legally transferred to him; and the fact that it was transferred without indorsement is not material. [Welker v. Hayes, 22 S. W. (2d) 1052, l. c. 1054.] He was the proper party to bring suit thereon. [Section 850, R. S. Mo. 1939; Snider v. Adams Express Company, 77 Mo. 523, l. c. 526; Nicolay v. Fritschle, 40 Mo. 67; Barber v. Stroub, 85 S. W. 915, l. c. 916.]

There was read in evidence a part of a deposition wherein defendant, J. L. Thomas, stated that he had compromised and settled the note by having paid to Meistrell $1250 in full settlement of four notes, the one at bar which was in the amount of $1000, another for $1000, and two for $500 each, all of said notes having been executed by the same makers and payable to the same payee, and having been made, executed and delivered in the same transaction. The other notes were held by parties not concerned in this suit. Such a compromise, if made at a time when the note was owned by the Sauter estate, would not bind plaintiff because there was no order of the probate court authorizing said compromise settlement. [Section 233, R. S. Mo. 1939; Wayland v. Pendleton, 337 Mo. 190, 85 S. W. (2d) 492, l. c. 494.] In the case at bar it is not contended that such compromise was made with the administrators, or with the knowledge or approval of the probate court; nor is it contended that plaintiff knew of, or had ever heard of such compromise, until long after it is claimed to have been affected.

In view of the foregoing, and without any further evidence, the letter from plaintiff to defendant, J. L. Thomas, written in 1940, wherein plaintiff indicated that he would release the mortgage securing payment of this note, was not material to any issue in this case and should have been excluded from evidence. The letter did not amount to a renunciation of plaintiff's rights under the note. [Section 3137, R. S. Mo. 1939.] A binding renunciation must be unconditional and specific. Plaintiff wrote that he would release *a deed of trust* which secured payment of the note, on the stated theory that said *note had been paid.* He did not offer to cancel or renounce a debt which then existed, but merely to release the deed of trust secur-

ing it on the expressed understanding, induced by defendant's representation, that said *debt had been* paid.

The inventory of the estate of Mr. Sauter, showing the note in question as inventoried and listed among the assets of the estate, was offered in evidence but, on objection, was excluded. Probate courts are courts of record. Records required to be made and kept by them are admissible in evidence when otherwise competent. [Section 1864, R. S. Mo. 1939; Williams v. Mitchell, 20 S. W. 647, 1. c. 649; Galli v. Wells, 239 S. W. 894, 1. c. 896.] The record here offered tended to prove that the note in question was the property of deceased when the record was made. Such records may be introduced and form an exception to the hearsay rule. It was error to exclude it.

The judgment should be reversed and the cause remanded. *Boyer, C.,* not sitting.

PER CURIAM:—The foregoing opinion of SPERRY, C., is adopted as the opinion of the court. The judgment is reversed and the cause remanded. *Bland, P. J.,* and *Cave, J.,* concur; *Dew, J.,* not sitting.