**Estie M. SWEENEY, Peggy Jean Long, and Donald Gale Sweeney, Plaintiffs-Respondents,**

**v.**

**Joseph Charles EATON and Patricia Ruth Eaton, his wife, Masonic Cemetery Association, and William R. Edgar, Jr., Defendants-Appellants.**

**No. 8939.**

Springfield Court of Appeals, Missouri.

Nov. 13, 1970.

David L. Colson, Farmington, for defendants-appellants.

Marvin L. Dinger, Ironton, for plaintiffs-respondents.

HOGAN, Judge.

Alleging themselves to be persons interested in the probate of the will of Ethel

Robson, deceased, plaintiffs brought this will contest action against defendants Eaton, as residuary beneficiaries, defendant Masonic Cemetery Association, as legatee, and defendant Edgar, as administrator with will annexed. Generally, plaintiffs' theory of the action was that in 1959 the testatrix had executed a will naming plaintiff Estie Sweeney and one Nada Kirby (deceased mother of plaintiffs Long and Donald Sweeney) as sole beneficiaries of her estate, but that defendants Eaton, by the exercise of undue and improper influence, had procured the revocation of the earlier will and had prevailed upon Mrs. Robson to execute the instrument in suit. Trial to the court has resulted in a finding and judgment that: (a) the testatrix executed a valid will in 1959, devising and bequeathing all her property to plaintiff Estie Sweeney and Nada Kirby; and (b) the execution of the will contested was procured through undue influence on the part of defendant Joseph Charles Eaton. Defendants Eaton have appealed.

Before the case was argued and submitted, the defendants filed a motion to transfer the appeal to the Supreme Court on the ground that title to real estate passed under the will, and therefore jurisdiction was in the Supreme Court pursuant to Mo. Const. art. 5, § 3, V.A.M.S., which provides that that court "shall have exclusive appellate jurisdiction in all cases involving * * * the title to real estate." We ordered the motion taken with the case.

 It is well settled that a will devising real property is a species of conveyance, 4 Tiffany, Real Property, § 1069, pp. 272–274 (3rd ed. 1939), and therefore, for appellate jurisdictional purposes, there is " * * * no difference in reason and principle * * * [between] a suit to set aside a deed that conveys real estate and a suit to set aside a will that devises real estate." Proffer v. Proffer, 342 Mo. 184, 190, 114 S.W.2d 1035, 1037; and see 1964 Wash.U.

L.Q. 566–567, § 5.110. However, in this will contest action, as in all other cases, the facts necessary to confer appellate jurisdiction on the Supreme Court must appear affirmatively from the record. Hanna v. Sheetz, 355 Mo. 1215, 1216, 200 S.W.2d 338, 339 [1]; Winn v. Matthews, Mo., 130 S.W.2d 484 [1, 2]. The residuary clause of the contested will, under which defendants Eaton take or claim, does not specifically devise any particular real property,[1] as did the will in Board of Trustees of Methodist Church of Nevada v. Welpton, Mo., 284 S.W.2d 580; the pleadings do not establish that Mrs. Robson died owning real estate, as was true in DeLaney v. Coy, Mo., 407 S.W.2d 902; and the inventory and appraisement of Mrs. Robson's estate is not of record, so we may not be guided by that, as was the Supreme Court in Pasternak v. Mashak, Mo., 383 S.W.2d 760. The question then is whether we must transfer the appeal (on the ground that title is involved) if the record evidence indicates the testatrix died owning real property, even though the will does not specifically devise any particular parcel of realty.

Many years ago, in Bingaman v. Hannah, 171 Mo.App. 186, 156 S.W. 496, this court had a somewhat similar case before it. The residuary clause read: "I give, devise and bequeath unto my wife, Belle Bingaman, all the property I may have at the time of my death after paying [seven specific] bequests." The court remarked that "[t]he evidence must be read * * * to ascertain that at the time of his death the testator owned 60 acres of land, which, of course, was disposed of by the will." The court discussed the precedents and concluded that it should consult the entire record in order to determine its jurisdiction. Having done so, it decided that title to real estate was involved, and the appeal was transferred. The Supreme Court took and decided the case on its merits, noting only that it had been transferred on the theory that title to real estate was involved, Bingaman v.

---

1. It merely devises and bequeaths "[a]ll the rest, residue and remainder of my estate, real and personal," to defendants Eaton.

Hannah, 270 Mo. 611, 194 S.W. 276, but later, referring to the *Bingaman* litigation, the Supreme Court indicated (as we read the precedents) that it would have jurisdiction on the ground that title to real estate was involved "* * * where, in a will contest, the will does not in terms devise real estate, but actually does." Proffer v. Proffer, supra, 342 Mo. at 189–190, 114 S. W.2d at 1037; Nettleton Bank v. Mc-Gauhey's Estate, 318 Mo. 948, 954, 2 S.W. 2d 771, 775.

◼ In the case at hand, Mrs. Evelyn Sweeney was called as a witness for plaintiffs. She indicated that her husband was testatrix's nephew, and on recross examination she was interrogated as follows: "Q. Did she [testatrix] have any rental property? A. She had property, but it was not rented, she did not rent it. Q. It was just vacant? A. Just vacant. * * * Q. Do you know what items of property she had? A. You mean real estate property? Q. Yes. A. She had two homes. The one she lived in and one right close by her." This, of course, indicates that at some time Mrs. Robson owned real property, but we have doubt that that alone would divest this court of jurisdiction on the ground that title to real estate is involved. A will is, after all, ambulatory until the testator's death, Humphreys v. Welling, 341 Mo. 1198, 1208, 111 S.W.2d 123, 128 [6], and the quoted testimony fixed no point in time. We do find, however, that the executor's application for letters testamentary was received in evidence as plaintiffs' exhibit 2, without objection. Section 473.017, RSMo 1969, V.A.M.S., requires that an application for letters testamentary be verified, and that it state the probable value of the testator's real and personal property, or if the testator was domiciled elsewhere, that it state the location and probable value of any land owned by him in this state. The application received in evidence indicates that Mrs. Robson died owning real property worth $10,000 and personalty worth $10,-000. Without considering whether or not the Supreme Court would have jurisdiction

because of the amount in dispute, we have the view that the application, being a record the probate court is required to keep, § 472.280, par. 1, subpar. (2), would be admissible as evidence, § 490.130, and see Memmel v. Thomas, 238 Mo.App. 403, 409, 181 S.W.2d 168, 171 [7, 8], and would constitute some proof that Mrs. Robson's estate included real property. The judgment rendered would therefore operate to divest defendants of title and vest title in plaintiffs, and we conclude that we are without jurisdiction. Accordingly, the appeal is ordered transferred to the Supreme Court pursuant to the provisions of Mo.Const. art. 5, § 11, and § 477.080, par. 2.

TITUS, P. J., and STONE, J., concur.