J. W. ROBERTSON, Respondent, v. SPRINGFIELD AND SOUTHERN RAILWAY COMPANY, Appellant.

St. Louis Court of Appeals, June 2, 1885.

1. APPELLATE JURSIDICTION — APPEALS — REAL ESTATE — TITLE.—An action for damages against a railroad, caused by the appropriation of lands for railroad purposes, does not involve the title to real estate, and hence, appeals in such cases must be taken to the court of appeals.

2. PLEADING—RAILROADS—TORTS—DAMAGES—LANDS.—A petition seeking the recovery of damages caused by the appropriation of land for railroad purposes states no cause of action unless it alleges that the entry or the occupation was wrongful.

APPEAL from the Greene County Circuit Court, GEIGER, J.

*Reversed and remanded.*

JOHN O'DAY and E. D. KENNA, for the appellant: Where a railroad takes possession of the land of another without payment of damages the owner's remedy is trespass, and the measure of his damages are those only accruing before the suit is brought. *Sherman v. Milwaukee R. R.*, 40 Wis. 645 ; *Cushman v. Smith*, 34 Me. 247. "In an action in trespass no judgment the court is authorized to render will give such railroad a title to the land, and consequently the value thereof can not be given as damages in an action of trespass." *Anderson, etc., R. R. Co. v. Kernodle*, 54 Ind. 314; Pierce on Railroads, 131, and cases there cited. Where a railroad is constructed on the lands of a person making no objection, but who declares his intention of demanding damages, the road can not be held to be a trespasser or wrongdoer. *Hoscher v. K. C. & St. Jo. R. R.*, 60 Mo. 329 ; *Pryzbylowicz v. R. R.*, 17 Fed. Rep. 492 ; 98 Pa. St. 353. "Parol license is effectual to justify everything which may be done under it prior to revocation." 1 Washburn on Real Property, p. 398, sect. 6 ; *Selden v. R. R.*,

29 N. Y. 639 ; *Stephens v. Stephens*, 11 Metc. 251 ; *Murdock v. R. R.*, 73 N. Y. 579 ; *Adams v. Rivers*, 11 Barb. 390 ; *Miller v. R. R.*, 6 Hill 64. Trespass can not be maintained against a person who has entered and occupied real estate with the consent of the owner. *Shaw v. Mussey*, 48 Maine 247 ; *Harmon v. Harmon*, 61 Maine 222 ; *Lakin v. Ann*, 10 Cush. 198 ; *Mumford v. Whitney*, 15 Wend. 381.

JAMES R. VAUGHAN, for the respondent: The law of this state creates no specific remedy in behalf of the land owner, but his rights are clear, and as there can be no right without a remedy, he can avail himself of any common law form of action applicable to his case. *Johnson v. The City of Parkersburg*, 16 W. Va. 402 ; *Sterns v. Atlantic & St. Lawrence R. R. Co.*, 46 Maine 114 ; *Soulard v. City of St. Louis*, 36 Mo. 546. "The owner has a right to demand as a condition precedent the payment of his damages, but if he waives this right and does not object to the company proceeding with their work, still he is entitled at any time to proceed for the trespass or injury done his property." *Ring v. Miss. River Bridge Co.*, 57 Mo. 496 ; *Galveston, H. & S. A. R. R. Co. v. Pfeufer & Ireland*, 56 Texas 66. Waiver of prepayment is not a waiver of damages, but converts the latter into a debt or claim recoverable by action. Pierce on Railroads, pp. 169, 170, and 178, and cases cited. *McFadden v. Johnson*, 72 Pa. St. 335. The form of action adopted in this case is fully recognized by the text books and decision. Pierce on Railroads 180–181. *Combs v. Smith*, 78 Mo. 32, is a case almost exactly like this, and shows that the remedy here followed is the proper one in this state. *Hubbard v. K. C., St. Joe & C. B. R. R. Co.*, 63 Mo. 68. Upon the facts pleaded, an implied promise to pay the damages would arise, and striking out the words averring the promise did not strike out the legal implications arising upon the facts stated, and was in no sense a material change. In the second place, the defendant, by filing an answer and going to trial thereafter, without objection of any kind or any affidavit filed in

support of an application for a continuance, waived any departure in the pleading, or suprise caused thereby. Vol. 1 Rev. Stats., sect. 3597; *Scovill v. Glassner*, 79 Mo. 450. See further on this question of amendments: *Lee's Adm'r v. Lee*, 21 Mo. 531; *Wellman's Adm'r v. Dismukes et al.*, 42 Mo. 101; *Bennett v. McCanse*, 65 Mo. 194; 4 Mo. App. 38.

ROMBAUER, J., delivered the opinion of the court.

Cases involving title to real estate under section 12, article 6, of the constitution of the state, are such wherein the title to real estate is the subject matter of litigation and not such as only indirectly affect or involve some interest in real property. *Skrainka v. Allen*, 2 Mo. App. 387; *State v. Court of Appeals*, 67 Mo. 200; *Umbarger v. Watts*, 25 Grat. 167; *Chicago, etc., Railroad v. Watson*, 105 Ill. 217-221. The case before us is an action instituted by the plaintiff to recover damages from a railroad company for injuries caused to him in building its railroad through his lands. An appeal in such a case lies to this court and not to the supreme court.

The plaintiff's petition, as originally framed, charged that the defendant entered upon the lands of the plaintiff and appropriated the same, and constructed its railroad thereon, which it is still operating. That at the time of the entry the defendant promised the plaintiff that it would pay to him all damages that he might sustain by reason of the appropriation of said lands, and by reason of the construction of the road across said lands, and thereby induced the plaintiff to lie still and suffer the defendant to appropriate said lands, and to construct its road over and across the plaintiff's lands. The petition further averred that the defendant has failed to pay such damages, and then prays judgment for the damages caused to the plaintiff by the entry and appropriation.

On the trial, and after the plaintiff had closed his evidence, he was permitted, against the objections of the defendant, to amend his petition by striking out all that related to an express contract on the part of the defendant

to pay for the damages caused by the entry and occupation.

The petition, even as originally framed, was inartificially drawn, because it did not purport to state an account founded upon the defendant's promise to pay damages, but simply averred that promise by way of inducement, tending to show that the plaintiff failed to object to the defendant's entry and occupation owing to such promise. It is quite clear, however, that when the plaintiff amended his petition, omitting therefrom the statement of the defendant's promise to pay, the petition thus amended, failed ' to state any cause of, action whatever.

It has been settled in this state, by repeated adjudications, that no contract to pay for land, or for its use and occupation can be implied from the mere showing that one occupies, or holds the land of another. *Cohen v. Kyler*, 27 Mo. 122; *Hunton v. Powers*, 38 Mo. 356. The owner in such a case can not waive the trespass and sue *in assumpsit*. *Edmondson v. Kite*, 43 Mo. 178; *Peters v. Elkins*, 14 Ohio 344. The rule in that regard, affecting real estate and personal property, is radically different.

If no such contract can be implied, then it is incumbent upon the plaintiff, either to aver a contract, or else to aver that the entry was wrongful *ab initio*, or that the occupation became wrongful by matter subsequent to the entry. If it fails to aver either it is fatally defective.

As was said in *Edmondson v. Kite, supra*, "in abolishing the forms and names of actions, the code does not abolish their character. They exist in the nature of things. The petition must contain a statement of facts constituting the cause of action. In suing for a tort, he must state the facts that constitute the tort, otherwise he can not prove these facts."

Now the petition, as amended in this case, stated neither a contract to pay, nor a wrongful entry, nor an occupation which became wrongful by matters subsequent, and stating neither, necessarily failed to state any cause of action. The defendant objected to any testi-

mony being offered in support thereof on that ground. This objection the trial court overruled, when it should have sustained the same, and its judgment can not be supported. As we are compelled to remand the cause for further proceedings, we will add for guidance of the trial court and of the parties herein:

1st. That the plaintiff may amend his petition either by suing upon the defendant's alleged promise in an action *ex contractu*, or else, as the entry appears to have been lawful, by suing in an action *ex delicto*, for the wrongful occupation as suggested in *Baker v. Railroad Company*, 57 Mo. 265-274, and *Hubbard v. Railroad Company*, 63 Mo. 71. Or, if the facts warrant it, for specific performance of the alleged contract.

2nd. That the court should carefully avoid giving instructions at the instance of either party which are so framed as to exclude from the jury consideration of points which are fairly raised by the evidence on the other side. The third instruction given on behalf of the plaintiff is particularly objectionable on that account.

3rd. That damages in this class of cases are to be proved by the proof of facts, and mere conjectures should be carefully excluded from the consideration of the jury.

All the judges concurring, the judgment is reversed and the cause remanded, to be proceeded with in conformity with this opinion.