Null v. Howell.

ISABELLA NULL *et al.*, Appellants, v. JOHN W. HOWELL, Respondent.

St. Louis Court of Appeals, April 1, 1890.

Jurisdiction, Appellate. When the question is doubtful or fairly debatable, whether the supreme court or this court has jurisdiction of an appeal, and the appeal is taken to this court, the cause will be transferred to the supreme court. *Held*, accordingly, that the case at bar, which was an action for the admeasurement of dower, should be thus transferred.

*Appeal from the Lincoln Circuit Court.*—HON. E. M. HUGHES, Judge.

TRANSFERRED TO THE SUPREME COURT.

*W. H. Kennan,* for the appellants.

*Martin & Avery,* for the respondent.

BRIGGS, J., delivered the opinion of the court.

This is an action for the admeasurement of dower. The plaintiff, Isabella Null, claims a dower interest in the undivided one-half of certain real estate in the possession of the defendant. The plaintiff alleged that the lands belonged to the defendant and her former husband, J. Y. Howell, deceased, as tenants in common, and that her said husband died seized of an estate of inheritance in the undivided half interest therein. The defendant denied the plaintiff's right.

Under the provisions of the state constitution, establishing this court (section twelve, article six, Missouri State Constitution, and the subsequent amendments thereto), we are prohibited from exercising appellate jurisdiction "in cases involving title to real estate." It is sometimes a matter of difficulty to make a practical application of the constitutional inhibition. This court and the supreme court have ruled that cases "involving the title to real estate within the meaning of the constitution must be such where the *title* itself is the subject-matter of litigation, and that it is not sufficient that the title may be indirectly affected or that some interest growing out of the ownership of real estate is involved. *Robertson v. Railroad,* 18 Mo. App. 185; *State v. Court of Appeals,* 67 Mo. 200. To which class must the present action be assigned? Concerning this we entertain some doubt. We have adopted the rule that, when the question of our jurisdiction is doubtful or fairly debatable, we will transfer the cause to the supreme court, rather than run the risk of making a void judgment. We will, therefore, transfer this case under the provisions of the act of March 18, 1885. Missouri Session Acts, 1885, p. 121. All the judges concur.