FIRST NATIONAL BANK OF MONETT, Plaintiff in Error, v. R. H. KINSER and M. E. GILLIOZ, Defendants in Error—109 S. W. (2d) 1221.

Division One, November 17, 1937.

*D. S. Mayhew* for plaintiff in error.

*James E. Sater* for defendants in error.

FRANK, P. J.—Lots one and two in block eight, Prospect Park Place, an addition to the city of Monett, were sold under a special

execution issued on a judgment on tax bills issued by the city to pay for paving the street adjacent to said property. The First National Bank of Monett brought suit to redeem said property from said sale, on conditions named in its petition. The decree below was for defendants and the case went to the Springfield Court of Appeals for review on writ of error. That court transferred the case here on the ground that title to real estate is involved.

The pertinent facts are as follows:

One D. S. Mayhew was owner of the property. Mayhew owed the First National Bank a note on which there was due and unpaid approximately $2500, secured by a deed of trust on the property in question. M. E. Gillioz was the owner of tax bills issued against said property to pay for street paving. The tax bills were not paid. Gillioz, the owner of the tax bills, brought suit thereon and in June, 1933, obtained a judgment for the amount due on the bills. A special execution was issued on said judgment, and on November 13, 1933, the property was sold under said execution at public auction. R. H. Kinser, a son-in-law of Gillioz, the judgment creditor, bid the property in for $100, and conveyance was made to him by the sheriff's deed. The undisputed evidence was that Kinser was acting for Gillioz, and bid the property in for him. Kinser invested no money of his own in the transaction, and on November 29, 1933, conveyed the property to Gillioz by quitclaim deed. Gillioz paid the costs of suit, expenses of sale and accrued taxes on the property.

The First National Bank, owner of the deed of trust on the property, was not made a party defendant to the suit to foreclose the lien of the tax bills held by Gillioz. The bank contends that since it was not made a party defendant in that suit, it had a right to redeem the property as provided in Section 6888, Revised Statutes 1929.

The theory of the bank's petition to redeem is that it is entitled to redeem the property upon condition that it pay to defendants, the sum of $100, the amount bid for the property at the execution sale, plus interest, costs, expenses of sale and taxes paid by Gillioz subsequent to said sale.

Defendants concede the right of the bank to redeem the property, but contend that instead of paying $100, the amount bid for the property at the sale, it should be required to pay the full amount of Gillioz' tax bill judgment, plus interest, costs, expenses of sale, and taxes paid by Gillioz subsequent to the sale.

It thus appears that the only dispute between the parties concerns the amount the bank should be required to pay upon redemption. The difference between the amounts which the parties contend should be paid by the bank upon redemption, is shown by the record to be less than $500.

It is true that a judgment permitting the bank to redeem would take the title from Gillioz, but since Gillioz concedes he holds the title subject to the bank's right to redeem, his title is not in dispute. To give this court jurisdiction on the ground that title to real estate is involved, the title must be in dispute—that is, there must be a title controversy to be settled.

Since the only dispute in the case concerns the amount the bank should be required to pay upon redemption, and since that amount is less than $7500, we are without jurisdiction. It is, therefore, ordered that the cause be remanded to the Springfield Court of Appeals for final determination upon its merits. All concur, except *Douglas, J.,* absent.