David G. REECE and Elsie H. Reece,
Respondents.

v.

Estella A. VAN GILDER, Appellant.

No. 44263.

Supreme Court of Missouri.

Division No. 2.

Nov. 8, 1954.

Wallace Cooper, St. Louis, Garrett R. Crouch, Warrensburg, for appellant.

Gayles R. Pine, John H. Mittendorf, Warrensburg, for respondents.

TIPTON, Presiding Judge.

This appeal was transferred to this court by the Kansas City Court of Appeals on the ground that title to real estate is involved. That court's opinion transferring it to this court is reported at 264 S.W.2d 893. That opinion accurately states the facts of this case and we will adopt the same for this opinion, without quotation marks.

Plaintiffs, David G. and Elsie H. Reece, husband and wife, sued defendant Estella A. Van Gilder. They alleged the making of a verbal contract with defendant whereby plaintiffs agreed to expend large sums of money on defendant's 320 acre farm, as follows: To pay off a mortgage, interest, and back taxes thereon, to build a house, to furnish money for farm operations and supplies, and to furnish labor and personal services; that, in consideration therefor defendant verbally promised to convey to them and defendant a fee-simple title to said 320 acre farm by joint deed, with right of survivorship among them. They further alleged plaintiffs' compliance with the terms of the contract; that defendant had breached same; that plaintiffs elected to rescind; and that they had no adequate remedy at law.

The prayer was "for this court of equity to grant to plaintiffs * *. * a special lien against the above described real estate

for all the amounts found due plaintiffs and expended by them on said premises * * *, amounting to the total sum of $13,425.55, * * *, and that said special lien be ordered foreclosed and said real estate sold for the payment of said lien * * * and for such other and further relief, * * * as to the court shall seem meet and proper in the premises."

Defendant answered admitting that plaintiffs paid off a certain mortgage, in the amount of $3,000, together with interest, but alleged that they did so solely as volunteers and not pursuant to any contract, but as a gift to defendant; admitted that plaintiffs had constructed a house on the premises but did not know the amount paid out by them in that behalf, and alleged they did so under a contract whereby the house was to become part and parcel of the real estate, with privilege to plaintiffs to live in same for and during their natural lives; denied that plaintiffs had performed labor of the value of $3,000, as alleged by plaintiffs, or of any other value; denied that they had advanced or paid $600 cash in addition to the above sums; and prayed that the petition be dismissed and defendant adjudged to be the absolute owner of the real estate described therein, subject to the right of plaintiffs to occupy the house during their natural lives. * * *

The evidence tended, generally, to support plaintiffs' compliance with its terms, defendant's breach, and that plaintiffs expended cash sums under said contract, in excess of $7,500.

The court found, adjudged and decreed as follows:

"1. That plaintiffs advanced to defendant the sum of Six Hundred ($600.00) Dollars in cash, and that plaintiffs paid the sum of Two Thousand and Seventy-Five ($2075.00) Dollars on May 5th, 1949, and One Thousand and Twelve Dollars and Fifty cents ($1012.50) on June 19th, 1950, to the Farmers Commercial Bank of Holden, Missouri, to discharge and satisfy deed of trust upon the real estate described in plaintiffs' petition and situate in Johnson County, Missouri, to-wit: .

"The West Two-thirds (W ⅔rds) of the East Three Fourths (E ¾ths) of Section Nine (9), Township Forty-four (44), Range Twenty-eight (28), all in Johnson County, Missouri; that plaintiffs are entitled to a lien upon said real estate for said sums totaling Three Thousand, Six Hundred and Eighty-Seven Dollars and Fifty Cents ($3687.50), with interest on Two Thousand and Seventy-five ($2075.00) Dollars at Five (5%) per cent from June 19th, 1950, making the total sum as of this date of Four Thousand, One Hundred and Seven Dollars and Ninety-Nine Cents ($4107.99) due the plaintiffs herein.

"2. That the plaintiffs are entitled to a life estate for the lifetime of both of them in and to the dwelling house constructed by plaintiffs upon the above described real estate, with rights to an easement for plaintiffs' lifetime to the use of water from the well where defendant resides, and to pump or pipe the same from said well to plaintiffs' residence on said premises.

"It is therefore ordered, adjudged and decreed by the Court that plaintiffs have and they are hereby adjudged and decreed to have a special lien upon said described real estate for the sum of Four Thousand, One Hundred and Seven Dollars and Ninety-Nine Cents ($4107.99) and plaintiffs are hereby granted a life estate in and to the dwelling house erected upon said premises by plaintiffs, and plaintiffs are hereby granted an easement over and along said premises from said dwelling house to well at the residence of defendant on said premises for water rights for the purpose of laying pipe therefor, and to use water from said well during the lifetime of the plaintiffs; that a special execution issue out of this Court for the purpose of foreclosing and satisfying said special lien of plaintiffs on said real estate, and that said real estate be sold by the Sheriff of Johnson County, Missouri, under special execution for the purpose of paying and satisfying said lien,

and the costs of this action, said costs being taxed against the defendant."

The plaintiffs did not appeal from the judgment giving them a life estate in the land on which the house they built was situated; they, therefore, could not raise any questions about their interest in the title to this land. Lewis v. Lewis, 354 Mo. 415, 189 S.W.2d 557; Smith v. Holdoway Construction Co., 344 Mo. 862, 129 S.W.2d 894. In fact, plaintiffs raise no such questions in their brief; they are content with their life estate given them by the judgment. The defendant conceded in her answer that the plaintiffs have a life estate in the land, and also concedes that fact in her brief.

In the case of First National Bank of Monett v. Kinser, 341 Mo. 819, 109 S.W.2d 1221, loc. cit. 1222, we said:

"It is true that a judgment permitting the bank to redeem would take the title from Gillioz, but, since Gillioz concedes he holds the title subject to the bank's right to redeem, his title is not in dispute. To give this court jurisdiction on the ground that title to real estate is involved, the title must be in dispute, that is, there must be a title controversy to be settled." See, also, Nettleton Bank v. McGauhey's Estate, 318 Mo. 948, 2 S.W.2d 771.

Nor does the fact that the trial court gave a judgment for $4,107.99 and secured the same with a lien on the real estate make this action a title controversy in a constitutional sense so as to give this court jurisdiction of this case. The rule is well established that our appellate jurisdiction does not become fixed by the fact that title to real estate may ultimately be affected by some subsequent proceeding under the judgment challenged by the appeal. Title must be the issue. It must be the matter in dispute in the suit resulting in such judgment. The judgment itself must directly affect title. It is not enough that the enforcement of the judgment may eventually affect the title to real estate. Boesel v. Perry, Mo., 262 S.W.2d 636; Peatman v. Worthington Drainage Dis-

trict, Mo., 168 S.W.2d 57; Weil v. Richardson, 320 Mo. 310, 7 S.W.2d 348.

As previously stated, the judgment is for $4,107.99. Only the defendant appealed. This amount is insufficient to give this court jurisdiction of this appeal. It follows that this action must be transferred to the Kansas City Court of Appeals. It is so ordered.

LEEDY, Acting P. J., ELLISON, J., and ANDERSON, Special Judge, concur.

DEW, Special Judge, not sitting.