Harvey W. McCLARD and Hettie G. McClard, Plaintiffs-Respondents,

v.

Marion E. MORRISON and Jennie G. Morrison, Defendants-Appellants.

No. 44165.

Supreme Court of Missouri.

Division No. 1.

Dec. 13, 1954.

J. Grant Frye, Cape Girardeau, for appellants.

W. Osler Statler, Jackson, for respondents.

COIL, Commissioner.

Harvey and Nettie McClard instituted an action to establish a private road across land owned by Marion and Jennie Morrison in Cape Girardeau County, Missouri, pursuant to the provisions of Sections 228.340–228.480, RSMo 1949, V.A.M.S. The landowners have appealed from a judgment entered on a jury verdict awarding them no damages. Plaintiffs-respondents have not filed a brief. We examine the question of our jurisdiction. Defendants-appellants (hereinafter called defendants) contend that we have jurisdiction on the grounds that title to real estate and constitutional questions are involved. We are of the opinion that we do not have jurisdiction of this case.

Plaintiffs-respondents (hereinafter called plaintiffs) alleged: that by reason of the fact that no public road passed "through or alongside" land which they owned, they were entitled to a private road over and across defendants' abutting and adjacent land; the general location of a proposed road 40 feet in width; and that it was a

way of strict necessity. Defendants answered, admitted that plaintiffs owned the land described in their petition; that no public road passed "through or alongside" it; that defendants owned abutting and adjacent land; and affirmatively alleged that plaintiffs were entitled to a road 20 feet in width located as described in the answer. While defendants denied the paragraph in plaintiffs' petition which alleged that the width of the road should be 40 feet and that it was "a way of strict necessity", nevertheless, the remainder of defendants' answer makes it clear that only that part of the paragraph which described the width of the road as 40 feet was in fact denied. Thus, under the pleadings, the only matters in dispute were whether the road should be 20 or 40 feet wide and its exact location.

The trial court appointed commissioners (pursuant to the provisions of the statutes, supra) who viewed the land for the purpose of locating the road and assessing damages. They filed a report in which they stated that the road should be 30 feet wide, describing generally its location, assessing $100 damages, and stating further that if defendants wished to fence the land taken for right of way, defendants and plaintiffs each pay half the cost, and that a certain bridge, in existence, be maintained at the equal cost of plaintiffs and defendants and, if a heavier bridge was desired, it should be built at the equal cost of the parties.

Defendants excepted to the report for these reasons: that the land for the easement was not described, that "The part of the report having to do with building and upkeep of bridges and fences is beyond the power of the commissioners and is unenforceable"; and that the amount of the award of damages was inadequate. After a hearing, the trial court overruled the first two exceptions and, on its own motion, requested the commissioners to file an amended report definitely locating the land to be taken for the road. Pursuant to that request, the commissioners filed a plat locating in detail the land to be taken for the road and thereafter filed an amended report

which they asked be substituted for their original report. This amended report recommended that a road be established in accordance with the description on the plat filed, which was made a part of the report, defendants' damages were again assessed at $100, and it was recommended "that should the Defendant desire that the road should be fenced, that the cost of such fence be borne equally by the Plaintiff and the Defendant." Defendants filed these exceptions to the amended report: "The land for the easement is not adequately described. * * * The part of the report having to do with building and upkeep of fences is beyond the power of the commissioners and is unenforceable. * * * The amount of the award for defendants' damages is inadequate." And defendants prayed that "the amended report may be set aside and that they have a jury trial on the question of damages." A jury trial was had on the issue of damages which resulted in a verdict finding that defendants were not entitled to damages.

■ The foregoing proceedings in the trial court demonstrate that the real issue between the parties was the amount of damages to which defendants were entitled. While originally, defendants claimed that plaintiffs were entitled to a road only 20 rather than 40 feet wide, there was no objection or exception to the commissioners' original or amended reports on the ground that the road should not be 30 feet wide as therein designated. And, while one of the exceptions to the amended report did state that the land for the easement was not adequately described, there is no contention in this court that the land taken was not adequately described, and a reference to the plat filed as part of the amended report conclusively demonstrates that the land taken for the road was described in detail and with particularity.

All of which compels the conclusion that there is no title controversy in this case. "To give this court jurisdiction on the ground that title to real estate is involved, the title must be in dispute, that is, there must be a title controversy to be settled."

First National Bank of Monett v. Kinser, 341 Mo. 819, 821, 109 S.W.2d 1221, 1222; Reece v. Van Gilder, Mo.Sup., 272 S.W.2d 177. We hold that title to real estate is not in dispute in the instant case in the sense necessary to give this court appellate jurisdiction.

Defendants' brief contains six points (which were included in defendants' motion for new trial) which purport to deal with constitutional questions. We need not set forth these six points verbatim. They may be summarized in this manner: That the result of the judgment in this case is: 1. To take property from defendants and give it to plaintiffs for their private use without just compensation in violation of specified provisions of the Missouri and United States constitutions; 2. To deprive defendants of their property without due process of law in violation of the United States constitution. And further: 3. That inasmuch as the statutes heretofore referred to provide that a private road established by the procedure followed in the instant case may be subsequently taken over by the county without provision for further compensation, the instant judgment results in the taking of private property for public use without just compensation in violation of specified provisions of the Missouri and United States constitutions; 4. That Sections 228.340, 228.260, 228.400, and 228.430 are unconstitutional because they provide a procedure which makes possible a final judgment which fails to award just compensation for private property in violation of the specified provisions of the United States constitution.

■ As heretofore indicated, these contentions were first made in defendants' motion for new trial. Certainly, in so far as concerns the direct charge that the above-mentioned statutes are unconstitutional, the question was not timely raised. It was not raised "at the earliest opportunity consonant with good pleading and orderly procedure under the circumstances of a given case." Appeal of Mac Sales Co., Mo.Sup., 256 S.W.2d 783, 784[1, 2]. It is apparent that if the defendants wished to contend

that the statutes under which both plaintiffs and defendants were proceeding were unconstitutional, it was incumbent upon defendants to have so contended either in a preliminary motion to dismiss or in their answer; not to join in the procedure provided by those statutes, effectively eliminate all questions save the amount of damages, and later, solely because of a particular result, contend for the first time that the statutes are unconstitutional.

■ Defendants' other mentioned contentions which purport to involve "constitutional questions" as a basis for jurisdiction, do not raise constitutional questions in the sense necessary for our appellate jurisdiction. On the contrary, defendants in reality contend that because, under the procedure provided, a judgment happened to result which permits an easement to be established in realty without monetary compensation to the landowner, defendants have been denied due process and have had their property taken for public or private use without just compensation. This is, as we see it, in final analysis, a contention that the particular verdict in this particular case was inadequate or that the verdict failing to award damages was not based on any substantial evidence. The contention is, in reality, that the judgment is erroneous. As noted, defendants did not timely contend that the statutes providing a judicial procedure for the establishment of private ways of necessity were unconstitutional in any event. What they now contend is that an erroneous result has occurred under the very judicial procedure in which they joined without objection, and that because a jury has reached an allegedly erroneous conclusion, therefore, the verdict and judgment violate state and federal constitutional provisions. The erroneous judgment, if such it is, is correctible on appeal where the errors, if any, which caused the allegedly erroneous judgment may be urged before the proper appellate tribunal.

We are of the opinion that no constitutional question has been timely raised justifying an appeal to this court. No ground other than those discussed is urged as a basis for our jurisdiction and we find none disclosed by the record.

The case is, therefore, transferred to the St. Louis Court of Appeals.

VAN OSDOL and LOZIER, CC., concur.

PER CURIAM.

The foregoing opinion by COIL, C., is adopted as the opinion of the court.

All concur.