Harvey W. McCLARD and Hettie G. McClard (Plaintiffs), Respondents,

v.

Marion E. MORRISON and Jennie G. Morrison (Defendants), Appellants.

No. 29261.

St. Louis Court of Appeals.

Missouri.

July 19, 1955.

J. Grant Frye, Cape Girardeau, for appellants.

W. Osler Statler, Jackson, for respondents.

WALTER E. BAILEY, Special Judge.

This is an action to establish a private road across the lands of adjoining property owner. The appeal by defendants was first to the Supreme Court on alleged constitutional grounds and was transferred to this court after denial of jurisdiction by the Supreme Court, which held no constitutional question to be involved. Reported 273 S.W.2d 225.

The essential facts are set forth in the reported case and only such additional facts as may be necessary for the purpose of this opinion need be referred to here. The first assignment of error is that the proceedings are void because the petition was not verified by the persons instituting the action. The petition for the private road in this case was not verified by petitioners but was verified by their attorney. Prior to 1929 no verification of a petition for private road was required and the proceedings were had before the County Court. The law for establishment of private roads was repealed and re-enacted in 1929, lodging jurisdiction in the Circuit Court, and requiring among other things that the petition must be verified. Laws 1929, p. 360. That part of the new law requiring verification and relating to the duties of the Circuit Court reads as follows: "If any person of this state shall file a verified petition in the circuit court of the proper county, setting forth that he or she is the owner of a tract or lot of land in such county" etc., "and if the Court shall find that the allegations in said petition are true, it shall appoint three disinterested citizens who are resident householders of the county as commissioners to view the premises and to mark out the road, and to assess the damages to the owner or owners of the land through which it will pass." Section 228.340 RSMo 1949, V.A.M.S.

 In support of their contention that the proceedings are void for failure of petitioners to themselves verify the petition we are cited two Missouri cases: Hinkle v. Lovelace, 204 Mo. 208, 102 S.W. 1015, 11 L.R.A.,N.S., 730 and Robertson v. Robertson, 270 Mo. 137, 192 S.W. 988. Both cases involved the affidavit required of petitioners in divorce proceedings. It is held that the personal character of divorce actions and the specific provisions of the affidavit are such that no one other than the petitioner himself could possibly make the affidavit. It is generally held that where a statute specifically requires certain persons to make an affidavit, it can be made only by those specified. Hinkle v. Lovelace, supra, 204 Mo. loc. cit. 223, 102 S.W. 1015. But that is not the case here. The statute in question only requires a verified affidavit to be filed and does not specify who shall make the affidavit. It is true that proceedings to require a private road are in invitum against the common law and the statute relating thereto must be strictly construed. Welch v. Shipman, 357 Mo. 838, 210 S.W.2d 1008. But there appears to be no sound reason for the strict construction suggested by appellants. Particularly is that true when by their answer they admit every allegation of the petition, including the necessity for the private road, except that they deny petitioners need a road 40 feet wide as alleged. Defendants proceeded to trial, commissioners were appointed, their report filed, the road designated, damages assessed and exceptions filed. No attack was made on the affidavit until after the trial by jury of defendants' exceptions to the commissioners' report and then for the first time in the motion for new trial the point was made. The Court had found all the facts set forth in the petition to be true and in fact all the jurisdictional facts, except as above noted, stand admitted by defendants. To now hold the whole proceedings void on account of the affidavit, would be stretching the strict construction rule to an unreasonable extent, particularly where, as here, the statute does not specifically point out who shall make the verification. We rule this assignment against appellants.

The Supreme Court in its opinion transferring this cause to the St. Louis Court of Appeals, after declaring defendants' con-

594

tentions do not raise constitutional questions, states as follows:

"On the contrary, defendants in reality contend that because, under the procedure provided, a judgment happened to result which permits an easement to be established in realty without monetary compensation to the landowner, defendants have been denied due process and have had their property taken for public or private use without just compensation. This is, as we see it, in final analysis, a contention that the particular verdict in this particular case was inadequate or that the verdict failing to award damages was not based on any substantial evidence. The contention is, in reality, that the judgment is erroneous." 273 S.W.2d 225, loc. cit. 228.

Under defendants' point VIII in their brief it is stated that "the verdict and judgment are arbitrary, oppressive and unjust in that they take the property of the Appellants and give it to Respondents and tax the costs of the proceedings against Appellants on the undisputed facts in that case." Reference is then made to the due process clause, construction of which is not now involved. We take appellants' point eight as sufficiently raising the point of an erroneous judgment. We hold the judgment is erroneous in that there is no evidence whatever to support it. Defendants' land and bridge are handed over to plaintiffs for road purposes without any compensation. There could be no special benefits assessed against the servient estate. Defendants under the evidence were entitled to at least nominal damages which by the verdict and judgment were denied them.

██ Where no construction of the constitution is called for but merely its application and no constitutional right of the losing party denied, this court has appellate jurisdiction to determine the question of application. Austin Western Machinery v. City of New Madrid, Mo.App., 165 S.W.2d 850. It is our opinion that Art. I, Sec. 28, Constitution of Missouri, V.A.M.S., providing:

that private property may not be taken for private use without compensation, was ignored, therefore the trial court should have set aside the verdict of the jury allowing no damages. Moreover, this Court may consider plain errors affecting substantial rights, though not raised in the trial court or properly preserved for review. Supreme Court Rule 3.27, 42 V.A.M.S. We consider manifest injustice or miscarriage of justice occurred in this case and that said cause should be reversed and remanded for new trial on the question of damages, the only question remaining in the case.

It is so ordered.

ANDERSON, P. J., and SAM C. BLAIR, Special Judge, concur.