In the Matter of the ESTATE of Jacob
SCHELL, Deceased.

Mary E. SCHELL, Appellant,

v.

Hugh SCHELL, Administrator, Respondent.

No. 8218.

Springfield Court of Appeals.
Missouri.

Oct. 7, 1963.

James L. Paul, Pineville, for appellant.

Robert E. Yocom, Pineville, for respondent.

RUARK, Presiding Judge.

This action originated in the probate court when Mary Schell, widow of Jacob Schell, filed in such court what she entitles "Exception to Inventory and Appraisement." Jacob Schell was an old age pensioner who died in 1958. The widow's motion, or whatever it may be termed, first states that no real estate of her deceased husband has been inventoried. It then alleges that prior to decedent's marriage with "your applicant" a warranty deed was executed by decedent and was left at a bank "conditionally and not absolutely"; that a few days after the death of Jacob such deed was procured by the grantees therein and recorded; that "title to said real estate was vested in the decedent at the time of his death and that said warranty deed, if effective at all, was merely a testamentary deed and by reason thereof, your applicant is entitled to a widow's share of said real estate."

"WHEREFORE, your applicant prays that this matter be set down for hearing and that the court make further inquiry and if the allegations contained in this exception be sustained, that the court award your applicant such money as she may be entitled to by reason of being widow of the deceased and *establish the same as a lien against said real estate.*" (Our italics.)

The probate court had a hearing, at which Hugh Schell, Clifford Schell, and Jewell Robbin (the grantees in the deeds herein mentioned, Hugh also being the administrator) appeared by counsel. That court found that *two* deeds, conveying separate tracts to the abovenamed persons, had been executed during the lifetime of Jacob Schell, but had never been delivered and, "therefore, the real estate covered by the two deeds hereinabove referred to is a part of the estate of the said Jacob Schell and as such should be included in the Inventory and the administration."

This order was appealed to the circuit court where the parties appeared and tried the case anew, the only issue of fact so tried being as to whether or not the deeds were delivered during the lifetime of deceased. The trial court's judgment was as follows:

"* * * The Court now finds as follows: That two Warranty deeds executed by Jacob Schell, dated February 17, 1953, were delivered in the lifetime of the grantor and were observed in the possession of one of the grantees 'about May, 1955.' The Court finds that said deeds were, therefore, not testamentary in character but passed title to the grantees. The said real estate not being in possession of Jacob Schell, at the time of his death, should not have been included in the inventory as a part of his estate. This cause should be returned to the Probate Court of McDonald County, Missouri, with directions to the Judge of that Court to proceed in accordance with the above findings and enter judgment against Mary E. Schell. * * *"

The widow has appealed.

■ We are first concerned with our jurisdiction. The appellant does not make any jurisdictional statement as such, although, in advance of the statement of facts appears a short chronological history of the proceedings. No reason is assigned

or theory offered as to how or why this court has jurisdiction, nor is any authority cited. Perhaps the appellant felt that we could easily determine our jurisdiction from the chronological statement alone.. Not so, as will hereafter appear. We believe the statement is not in compliance with the purpose and spirit of Rule of Civil Procedure 83.05(a, b), V.A.M.R., and that the appeal is subject to dismissal. Langhammer v. City of Mexico, Mo., Mo., 327 S.W.2d 831; McHenry v. Wabash R. Co., Mo.App., 216 S.W.2d 538; Prewitt v. Zook, Mo.App., 197 S.W.2d 691; Feltenberger v. Evers, Mo. App., 210 S.W.2d 404. However, the respondent-administrator filed no motion to dismiss but submits his own jurisdictional statement wherein he contends that jurisdiction is in the supreme court because title is directly involved. So, we will attempt to determine that question.

■ We approach the question of jurisdiction with the view that in order to vest jurisdiction in the supreme court the judgment sought or the judgment rendered must affect or operate upon the title in the sense that some interest or moiety therein is denied to one and placed in another. The title must be directly in controversy. It is not sufficient that, in determining the issue involved, the court may incidentally or collaterally find it necessary to decide the question of title in order to arrive at a correct conclusion as to the question which is directly at issue. A plethora of cases bearing on one or more of the above statements will be found at West's Missouri Digest, Courts, ☜231(25, 40, 41).

■ If, however, we find title to be directly involved, we do not consider whether the proceedings were proper, nor whether the court had jurisdiction to render the judgment which it did,[1] nor whether the judgment rendered was unauthorized or void on its face. If jurisdiction is vested in the supreme court, such questions are for that court to decide. Hammonds v. Hammonds, Mo.App., 289 S.W.2d 903, and cases at footnote 6, Mo., 297 S.W.2d 391; Kansas City v. Hammer, Mo., 347 S.W.2d 865(2); Howell v. Reynolds, Mo., 249 S.W.2d 381, 384. Nor is the *form of action* important in determining whether title, in a jurisdictional sense, is involved. Mack v. Mack, Mo., 281 S.W.2d 872; Albi v. Reed, Mo., 281 S.W.2d 882; Cunningham v. Cunningham, 325 Mo. 1161, 30 S.W.2d 63.

■ As nearly as we can interpret the judgment *sought* by the widow, it is that the court determine that she is entitled to an interest in the land, which has not been inventoried (and there is no direct request that the administrator be required to inventory), as the widow of Jacob Schell, and that such interest as may be reduced to money by court allowance[2] be made the subject of an equitable lien on such lands— a sort of declaratory judgment that the family allowance and homestead are a charge upon the uninventoried and unappraised lands. The ultimate issue tried by the court was whether or not the wife had any interest in said land as widow of Jacob Schell; this dependent upon whether he had conveyed it in his lifetime. The judgment *rendered* was that whole title was vested in the grantees in the deeds and that the land should not be inventoried as a part of the estate. The *direct* effect of the judgment declaring title in the grantees is to deny any title or interest in the widow applicant. Whether, under the new probate code, this declaration of title and direction not to inventory would have any direct effect upon the right of heirship under § 474.010, V.A.M.S., is one question. A judgment declaring title or an interest therein,

---

1. We do note, however, jurisdiction to render the judgment was *considered* in Nettleton Bank v. McGauhey's Estate, 318 Mo. 948, 2 S.W.2d 771, 777, and Bank of Forest City v. Pettijohn, 338 Mo. 506, 92 S.W.2d 189.

2. So far as we can see, this would be the family allowance, § 474.260, V.A.M.S., 1957, and the homestead, § 474.290, V.A. M.S., 1957.

even though unnecessary to the determination of the actual issues and not requested by the parties, raises the question of title in a jurisdictional sense.[3]

Another question is whether the denial of the claim for an "equitable lien" of the widow against uninventoried lands constitutes the deprivation of an "interest" in real estate such as to directly affect the title. This does not involve the imposition and enforcement of a lien or charge in the usual sense. Where the lien claimed is something which can be satisfied by payment of money and is engrafted upon an *undisputed* title, or was admittedly valid in its inception, then the title itself is not in dispute,[4] although it may ultimately be affected.[5] In this instance the very essence of the claim for a "lien" or charge is a claim that an interest exists; that the title is one way, whereas the judgment of the court is that title is another way and no interest exists.

■ The homestead allowance is "in lieu" of former dower and homestead. Under the previous law the dower would have been consummate upon the death of the husband. The present homestead right claimed by the widow springs into being upon the death of the husband, although it is subject to being lost or divested if the widow (a) dies before receiving it, or (b) waives it. We believe this right or interest is, until limited to certain specific real estate by selection or order of the probate court, or until lost as above stated, a general charge against *all* of the real estate of the husband for security of the homestead right. Certainly, if she had filed an application and requested the allowance of certain specific property, jurisdiction would be in the supreme court. In re Bell's Estate, Mo., 328 S.W.2d 697. See, also, Schubel v. Bonacker, Mo., 331 S.W.2d 552, as to claim filed by widow's executor.

■ Bearing in mind that the statutes creating the right of homestead are to be construed with great liberality (Owen v. Riffie, Mo., 323 S.W.2d 765), we conclude it is at least reasonably arguable that the "lien" which the widow attempted to assert, and which the court denied, was an interest in real estate.

■ In cases of this kind the court of appeals examines the record, and if doubt as to the jurisdiction of the supreme court exists, the case is transferred to that court.[6] This is not because we choose to surrender any jurisdiction which is properly ours (we could more easily decide the case on the briefs or merits), but because, since the supreme court is vested with the power to determine title questions, it has the ultimate authority to determine what *is* a title question. In this instance, we believe that our jurisdiction, in a constitutional sense, is doubtful and, hence, the case should be transferred to the supreme court.

It is so ordered.

STONE and HOGAN, JJ., concur.

3. State ex rel. Brown v. Hughes, 345 Mo. 958, 137 S.W.2d 544(6); Dillard v. Dillard, Mo., 266 S.W.2d 570, 572; Hoelmer v. Heiskell, 359 Mo. 236, 221 S.W.2d 142; Domyan v. Dornin, Mo.App., 348 S.W.2d 360, Mo., 356 S.W.2d 70; Kennedy v. Duncan, 224 Mo. 661, 123 S.W. 856, 857.

4. Chapman v. Chapman, 194 Mo.App. 483, 185 S.W. 221(6), 269 Mo. 663, 192 S.W. 448; Shiner v. Polk, Mo., 366 S.W.2d 449; Boesel v. Perry, Mo., 262 S.W.2d 636; see Brannock v. Magoon, 216 Mo. 722, 116 S.W. 500; Snodgrass v. Copple, 203 Mo. 480, 101 S.W. 1090.

5. Reece v. Van Gilder, Mo., 272 S.W.2d 177; First Nat. Bank of Monett v. Kinser, 341 Mo. 819, 109 S.W.2d 1221.

6. Null v. Howell, 40 Mo.App. 329, 111 Mo. 273, 20 S.W. 24; Missouri City Coal Co. v. Walker, Mo.App., 183 S.W.2d 350, Mo., 188 S.W.2d 39; Bingaman v. Hannah, 171 Mo.App. 186, 156 S.W. 496, 270 Mo. 611, 194 S.W. 276; In re Ellis' Estate, Mo.App., 110 S.W.2d 864, Mo., 127 S.W.2d 441.