James **RUTLADER**, Respondent,

v.

Eleanor **RUTLADER**, Appellant.

No. 52021.

Supreme Court of Missouri, Division No. 2.

Nov. 14, 1966.

J. K. Owens, Kansas City, for respondent.

Edgar J. Keating, Kansas City, for appellant.

STOCKARD, Commissioner.

In this action for divorce the trial court dismissed the plaintiff-husband's petition, and on her cross-bill the court granted the defendant-wife a divorce, the custody of the children, and $17.50 per week for the maintenance of each child. It undertook to grant her another award, subsequently set out and discussed, but did not award her attorney's fees or alimony designated as such. The wife appealed to the Kansas City Court of Appeals, and the case has been transferred to this court on the ground that "the decree rendered orders a division of real estate, and * * * it directly affects and operates upon the title to real estate in the constitutional sense."

There was no pleading or prayer by either party that the court render any decree affecting title to real estate. However, in addition to the decree of divorce and the awards of child custody and for child maintenance, the judgment contains this provision: "It is further ordered and adjudged by the court that defendant [wife] be and she is hereby given one-half of the property when it is sold, together with $270.00 which is her part of the rental until sold." From the transcript it appears, and we shall assume, that the "property" referred to is the home in which the parties lived prior to separation, but we cannot determine how title to the home was held, that is, by the entirety or in some other manner. On this appeal neither party asks that the provision in the judgment referring to the "property" be set aside or changed in any manner. The only points in appellant's brief, quoted in their entirety, are as follows: "1. The court erred in refusing to grant defendant any alimony." and "2. The court erred in refusing to grant defendant any attorney fees."

We necessarily conclude that appellate jurisdiction of this case is not in this court. There is no showing that the total of the alimony sought and the attorney fees would exceed $15,000, and we cannot indulge in speculation and conjecture for purposes of assuming jurisdiction. Cotton v. Iowa Mut. Liability Ins. Co., 363 Mo. 400, 251 S.W.2d 246. The only other possible basis for appellate jurisdiction in this court is that it is a case involving the title to real estate within the meaning of Art. V, § 3, Constitution of Missouri, V.A.M.S. It was the opinion of the Kansas City Court of Appeals that it is such a case, and we

shall discuss the reasons advanced by that court, and the reasons for our conclusion to the contrary.

The court of appeals cited and relied on numerous cases which state, as did *Nettleton Bank v. McGauhey's Estate,* 318 Mo. 948, 2 S.W.2d 771, that to vest the supreme court with appellate jurisdiction on the basis that title to real estate is involved the "judgment sought or rendered must be such as will directly determine title in some measure or degree adversely to one litigant and in favor of another; or, as some of the cases say, must take title from one litigant and give it to another." Also cited and relied on are cases such as *Brewster v. Terry,* Mo.App., 172 S.W.2d 5, wherein it is stated in effect that appellate jurisdiction is in this court when the judgment sought or rendered will directly affect or operate upon the title itself. The judgment "sought" by the parties in this case would not have affected or operated upon the title to real estate, and in any event the husband has not appealed, and by her appeal the wife does not contend that the judgment should have affected or operated upon the title to real estate. Therefore, if appellate jurisdiction is in this court it is because the judgment "rendered" affected or operated upon the title to real estate. See *Watts v. Watts,* 304 Mo. 361, 263 S.W. 421, where the judgment rendered in a divorce suit did purport to affect directly the title to real estate, and appellate jurisdiction was held to be in this court on an appeal in which the appellant challenged that part of the judgment affecting title to real estate. The judgment rendered in this case does not direct that the "property" be sold, or that the wife shall have any interest in the real estate. While it says that she is "given one-half of the property" that phrase is followed by the words "when *it is sold." There can be no reasonable* meaning attached to this language of the judgment except that the wife is given one half of the proceeds of the sale of the property when it is sold. We do not know whether prior to the divorce the title to the property was in the husband alone or in the husband and the wife by the entirety, but whichever way the title was held the decree does not purport to affect the title or to operate upon the title of the property. It does no more than attempt to direct what shall be done with the proceeds of a sale of the property if and when it is sold by the owner or owners, whoever they are. We are constrained to conclude that the judgment rendered in this case does not affect or operate on the title to real estate.

However, if we should assume that by the above quoted language of the judgment, contrary to our views as to what it means, title to real estate was thereby affected, we still would be forced to the conclusion that appellate jurisdiction is not in this court. The husband has not appealed, and therefore he has consented to that disposition of "one half of the property." The wife has appealed but she presents no issue to the appellate court which calls for an adjudication of title directly or indirectly and she asks for no judgment on appeal which would affect or operate on the title to real estate.

Cases may be found in which it is stated that "appellate jurisdiction over the subject matter is determined upon the record in the trial court at the time the appeal is granted and that nothing subsequently occurring will defeat or confer jurisdiction in this court." *Hunter v. Hunter,* 355 Mo. 599, 197 S.W.2d 299, 300. Similar statements may be found in *Tant v. Gee,* 348 Mo. 633, 154 S.W.2d 745; *Hardt v. City Ice & Fuel Co.,* 340 Mo. 721, 102 S.W.2d 592; *Snowbarger v. M.F.A. Central Cooperative,* Mo., 317 S.W.2d 390. However, as stated in *Hunter v. Hunter, supra,* "This statement of the rule may be too broad if taken literally". In *Feste v. Newman,* Mo., 368 S.W.2d 713, this court en banc said that "A correct statement, as evidenced by the rulings of this court, is that appellate jurisdiction of this court of a case must exist at the time of taking the appeal [citing

cases], and if it does not then exist nothing occurring subsequently will result in this court acquiring jurisdiction. * * * However, even though the record indicates that appellate jurisdiction exists in this court at the time the appeal is taken, the failure to preserve and keep alive for appellate review issues essential to the exercise of jurisdiction will result in the lack of jurisdiction of this court to rule the case on appeal."

■ It has long been the uniformly accepted rule that to vest this court with jurisdiction on the basis that the case involves the construction of the constitution the question must be timely raised and preserved and presented as a live issue for determination on appeal. Mooney v. County of St. Louis, Mo., 286 S.W.2d 763; McGuire v. Hutchison, 356 Mo. 203, 201 S.W. 2d 322, 327. In a case where jurisdiction in this court depended upon the amount in dispute, it was held that the "jurisdiction depends upon live issues being presented on matters within [its] jurisdiction." Ewing v. Kansas City, 350 Mo. 1071, 169 S.W.2d 897, 900. In Heuer v. Ulmer, Mo., 273 S.W.2d 169, this court held that for the purposes of determining jurisdiction of the appeal " 'The amount in dispute * * * is determined by the amount that actually remains in dispute between the parties *on the appeal,* and subject to the determinations by the appellate court of the legal question raised by the record.' "

Is the rule different when the judgment of the trial court purports to affect title to real estate, but the parties, in effect, consent to that disposition of title, and present only issues on appeal which have no bearing on the issue of the disposition of title? We think not. In Reece v. Van Gilder, Mo., 272 S.W.2d 177, the judgment rendered by the trial court awarded plaintiffs a money judgment and it also purported to vest in plaintiffs a life estate in real estate. The defendant appealed, but did not challenge that part of the judgment affecting his title and vesting a life estate in plaintiffs. It was held that this court had no jurisdiction of the appeal, and the court commented that "[i]t is not enough that the enforcement of the judgment may eventually affect the title to real estate." In Hunter v. Hunter, supra, the trial court entered a judgment as to Count I of the petition that plaintiff held a life estate and that defendant held the reversion. On Count II it granted plaintiff possession and damages. While defendant's appeal was pending, plaintiff died and the issues as to Count I became moot. That part of the judgment affecting title no longer presented a "live" issue, and it was held this court had no jurisdiction.

In this case the husband has not appealed, and if the judgment rendered affects title to real estate he does not object and in effect consents to it. The wife has appealed, but insofar as the judgment purports to grant her an interest in real estate (although we think it does not) she consents to it. Her only complaint on appeal pertains to matters totally unrelated to that provision in the judgment allegedly pertaining to title to real estate. It is true that if the judgment is affirmed it will then be enforced, but as stated in Reece v. Van Gilder, supra, it is not sufficient to vest appellate jurisdiction in this court that enforcement of the judgment will affect title to real estate.

In Feste v. Newman, supra, comment was made that Tant v. Gee, 348 Mo. 633, 154 S.W.2d 745, may appear to present a different rule, and we should mention it again. There the trial court decreed specific performance conditioned upon the payment of $1,350.55 by plaintiff, and the only issues specifically presented on appeal pertained to credits allowed to the plaintiff. The case was distinguished in Feste v. Newman on the basis that "the decree of specific performance was conditioned upon the payment of what was determined to be the correct amount, and the judgment of this court was that 'The judgment is reversed

and the cause remanded with directions to condition the decree of specific performance upon a credit to plaintiff of $40 only * * *.'" Thus, whether specific performance should be decreed, and if so upon what terms was an issue directly before this court on appeal. However, in any event, this court en banc in Feste v. Newman said: "The statement in that opinion [Tant v. Gee] that 'appellate jurisdiction over the subject matter is determined upon the record in the trial court at the time the appeal is granted' is correct as far as it goes, but it is subject to the observations previously made", and those observations were that the jurisdiction of this court "depends upon live issues being presented on matters within [its] jurisdiction." Not only did the court en banc not make an exception to cases involving title to real estate, by the above reference to Tant v. Gee the general rule set forth was specifically made applicable to such cases.

We are of the opinion that the judgment rendered did not affect or operate upon the title to real estate, but that if the confusing language of the judgment be construed to the effect that it does, still there is no jurisdiction here because the issues on appeal do not present any live issue within the jurisdiction of this court.

The case is transferred to the Kansas City Court of Appeals.

BARRETT, C., concurs in result.

PRITCHARD, C., concurs.

EAGER, P. J., and FINCH, J., concur.

DONNELLY, J., concurs in result.

PER CURIAM.

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.