**BLUE RIDGE SHOPPING CENTER, INC.,**
**a corporation, Plaintiff-Respondent,**

v.

**Robert SCHLEININGER, William H. Suggs,**
**Gayle Crawford and Harry Kress**
**et al., Defendants-Appellants.**

**No. 52514.**

Supreme Court of Missouri,
Division No. 2.

July 10, 1967.

William J. Burrell, Dietrich, Tyler, Davis, Burrell & Dicus, Kansas City, for respondent.

Joseph N. Miniace, Louis J. Pelofsky, Kansas City, for appellants.

FINCH, Presiding Judge.

Plaintiff, owner and operator of a Shopping Center in Kansas City, Missouri, filed suit against defendants as representatives of a class to enjoin them from soliciting or distributing handbills, printed matter or leaflets on the Blue Ridge Shopping Center premises, or in any way interfering with the customers, invitees, or other persons on the Shopping Center premises. The trial court entered such an injunction and the defendants have appealed.

Plaintiff's verified petition was filed on April 29, 1966. The defendants were alleged to be the business agents and officers of Teamsters Local No. 838, and it was alleged that they fairly and adequately represented the membership of said Union Local. Attorneys for defendants so stipulated at the hearing. The petition alleged that the Shopping Center premises were private property on which solicitations or distribution of printed matter was prohibited. In view of the disposition which we make of this case, it is not necessary to detail herein the various other grounds alleged in the petition for the relief sought.

The trial court, on the date the petition was filed, entered an order for defendants to show cause why a temporary injunction should not be granted. An evidentiary hearing was held on May 6, 1966, on the

question of whether a temporary injunction would be ordered. Following conclusion of that hearing, both plaintiff and defendants filed briefs, and on May 26, 1966, the trial court entered findings of fact and conclusions of law and granted a temporary injunction against "soliciting or distributing handbills, printed matter or leaflets" on the Shopping Center property "or in any way interfering with the customers, invitees, or other persons thereon, until the further order of this court."

The defendants did not at any time, either before or after the hearing on the temporary injunction, file any responsive pleading to the plaintiff's petition.

On August 4, 1966, a stipulation signed by attorneys for plaintiff and defendants was filed. It provided as follows:

"1. The evidence and statements of counsel presented at the hearing for a temporary injunction on May 6, 1966 shall be considered as having been reintroduced into evidence at a final hearing on plaintiff's request for a permanent injunction without either party introducing any new or additional evidence.

"2. The Court may enter the following Order:

### PERMANENT INJUNCTION

"On May 26, 1966, this Court entered an order granting plaintiff a temporary injunction in the above-entitled cause. The Parties now stipulate and agree that this temporary injunction should be made permanent and that the evidence considered in granting the temporary injunction shall be reintroduced and considered in determining whether to grant a permanent injunction.

"Wherefore, the Court, having considered the evidence, the statements of counsel, the pleadings and briefs filed, and the parties having agreed that there are no new facts or circumstances to be submitted to the Court, finds the issues herein in favor of plaintiff and against defendants and finds that the temporary injunction entered herein on May 26, 1966 should be made permanent and a permanent injunction granted to the plaintiff as prayed for in its petition.

"It is therefore ordered, adjudged and decreed that defendants and each of them and their respective officers, agents, employees, members, representatives and all other persons acting in their behalf or at their behest or in concert with them be and they are hereby perpetually enjoined, restrained and prohibited from soliciting or distributing handbills, printed matter or leaflets in and upon the Blue Ridge Shopping Center at 4200 Blue Ridge Boulevard in Jackson County, Missouri, legally described as follows:

"The West Seven (7) acres of Lot Six (6) and all of Lots Seven (7), Eight (8), Nine (9), Fourteen (14) and Fifteen (15) lying south and west of the rights of way of U. S. Highway #40 and Blue Ridge Boulevard, OTT'S PLAT, a subdivision in Kansas City and Independence, Jackson County, Missouri,

or in any way interfering with the customers, invitees, or other persons thereon.

"So stipulated."

On September 9, 1966, the trial court, pursuant to the stipulation, entered a judgment granting a permanent injunction, the order being substantially in the form set out in the stipulation. On the same day, defendants then filed a motion for rehearing in which they "respectfully request the Court to grant a rehearing in the above entitled cause by reason of the fact that the Court erred in finding that Blue Ridge Shopping Center, Inc., was entitled to an injunction against defendant's lawful labor activity." This constituted the entire motion for rehearing.

We have concluded that appellate jurisdiction of this case is not vested in the

Supreme Court. Defendants' brief asserts that "as a defense, defendants pleaded that its activities were protected by the First Amendment to the United States Constitution" and that the Supreme Court of Missouri has jurisdiction for that reason. We have concluded that this constitutional issue is not preserved and presented to us for review. It is well established both by decision and by our rules relating to civil procedure that constitutional questions, in addition to the requirement that they be raised at the first opportunity and preserved throughout the case, must be included in the motion for new trial. Witt v. City of Webster Groves, Mo., 383 S.W.2d 723 [2, 3]; Rutlader v. Rutlader, Mo., 407 S.W.2d 906 [4]; Supreme Court Rule 79.03, V.A.M.R. Such requirement is applicable to proceedings in equity as well as at law. Adams v. Richardson, Mo., 337 S.W.2d 911 [1]; In re J.L.L., Mo.App., 402 S.W.2d 629 [9, 10].

When defendants filed their motion for rehearing, they filed "suggestions in support of motion for rehearing." Such suggestions included the sentence, "In the same connection, the court erred in determining that defendants' constitutional rights of free speech would not be abridged by this injunction." Defendants argue that their suggestions or brief in support of their motion for rehearing should be treated as a part of the motion for rehearing, and that the above quoted sentence is sufficient to preserve for appellate review the constitutional question of violation of the First Amendment to the Constitution of the United States. Defendants seek to file a supplemental transcript in which they include the brief which they filed with the trial court on the question of granting a temporary injunction plus the suggestions which they filed in support of their motion for rehearing. In effect, defendants claim that the original brief should suffice as an answer for the purpose of raising and preserving the constitutional question, and that the suggestions in support of their motion for rehearing should be considered a part of the motion for rehearing for the purpose of preserving the constitutional question on appeal.

 Even if such sentence in the suggestions were as specific as it is required to be in order to preserve a constitutional question, which it is not, it is clear that the brief filed by the attorneys in support of the motion for rehearing does not purport to be and is not a part of the motion for rehearing herein. We are unwilling to hold that one may file a shotgun motion and yet be held to comply with the rules and cases relative to the content of a motion for new trial or rehearing if he mentions the question in a brief in support thereof.

The case is transferred to the Kansas City Court of Appeals.

All of the Judges concur.